UNITED STATES v. ASSOCIATED
PLUMBING & HEATING MER-
CHANTS et al.

No. 45270.

District Court, W. D. Washington, N. D.

May 3, 1941.

Thurman W. Arnold, Asst. Atty. Gen., Tom C. Clark, Sp. Asst. to Atty. Gen., of Los Angeles, Cal., J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Charles C. Pearce, Sp. Asst. to Atty. Gen., of Seattle, Wash., George R. Lunn, Jr., Sp. Asst. to Atty. Gen., of Washington, D. C., Manley B. Strayer, Sp. Asst. to Atty. Gen., of Portland, Or., Leonard A. Marcussen, Sp. Asst. to Atty. Gen., of Seattle, Wash., and Robert C. Barnard, Sp. Asst. to Atty. Gen., of Washington, D. C., for plaintiff.

L. Presley Gill, of Seattle, Wash., for defendant United Ass'n of Journeymen etc., Local #473, and others.

Skeel, McKelvy, Henke, Evenson & Uhlmann, of Seattle, Wash., for all other defendants.

BLACK, District Judge.

The defendants in two groups have interposed separate demurrers to the indictment and have also similarly separately moved to strike numerous portions of the indictment and have likewise separately moved the Court to require the plaintiff to furnish bills of particulars with respect to many items referred to in the indictment.

Voluminous and very diligent briefs and repeated extended oral arguments have been submitted and presented to the Court, the last of which were presented quite recently. The Court has carefully considered the oral and written arguments of counsel and the cases which they have cited. The Court has also considered the recent opinion of the United States Supreme Court in United States v. Hutcheson et al., 61 S.Ct. 463, 85 L.Ed. ——, rendered February 3, 1941, and the later decisions of United States v. Building & Construction Trades Council of New Orleans, Louisiana et al., 61 S.Ct. 839, 85 L. Ed. ——, United States v. United Brotherhood of Carpenters and Joiners of America et al., 61 S.Ct. 839, 85 L.Ed. ——, and United States v. International Hod Carriers' and Common Laborers' District Council of Chicago and Vicinity et al., 61 S.Ct. 839, 85 L. Ed. ——, the last being commonly known as the Carrozzo case, rendered by the United States Supreme Court without opinion on April 7, 1941, together with the indictments involved in said four causes.

In United States v. Hutcheson [61 S.Ct. 466, 85 L.Ed. ——], Justice Frankfurter, delivering the opinion of the Court, stated: "whether trade union conduct constitutes a violation of the Sherman Law is to be determined only by reading the Sherman Law and § 20 of the Clayton Act and the Norris-LaGuardia Act as a harmonizing text of outlawry of labor conduct."

He then in substance said that "So long as a union acts in its self-interest and *does not combine with non-labor groups*" (italics mine) what otherwise might be violations of the Sherman Act were prevented from being such violations by the provisions of § 20 of the Clayton Act, 29 U.S.C.A. § 52, and by the Norris-LaGuardia Act, 29 U.S. C.A. § 101 et seq.

770

The phrase *"So long as a union acts in its self-interest and does not combine with non-labor groups"* must be held as the controlling and decisive distinction in that opinion in so far as it bears upon the question in this case. In the instant indictment which is before the Court in this case it is definitely charged that the union and the union defendants have not acted in the interests of labor and it is further charged that instead they did wrongfully combine with non-union groups in an *"unlawful conspiracy in restraint of interstate commerce in heating equipment and other equipment, in violation of Section 1 of the Act of Congress of July 2, 1890, entitled 'An Act to Protect Trade and Commerce Against Unlawful Restraints and Monopolies' (26 Stat. 209) commonly known as the Sherman Act [15 U.S.C.A. § 1]."*

 The defendants for the purpose of the demurrers have certainly admitted the truth of all allegations of the indictment which are well pleaded. The indictment is long and very comprehensive and therefore to analyze same would require a lengthy opinion. In view of the decisive distinction above mentioned set forth in the opinion of Justice Frankfurter such indictment is sufficient against the demurrers interposed under the long line of decisions of the United States Supreme Court interpreting the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, in relation to violations as charged in the instant indictment.

The separate demurrers of the defendants, and each of them, should be overruled.

The separate motions of the defendants *to strike numerous portions of the indictment* are, of course, without any merit and should be denied.

 With respect to the separate motions for bills of particulars the Court finds that the indictment is sufficiently detailed and comprehensive as to call for the denial of such motions. To grant same would be to require the plaintiff to disclose the details of its evidence before trial.

Moreover, in any trial of this case the presentation of the plaintiff's testimony will surely take a considerable period and the defendants after hearing the government's opening statement to such jury as may be selected and the evidence which the government presents will therefore unquestionably have much opportunity for preparation to meet the same.