## UNITED STATES v. NEW YORK ELECTRICAL CONTRACTORS ASS'N, Inc., et al.

District Court, S. D. New York.

Dec. 19, 1941.

790

Thurman Arnold and Herbert A. Berman, both of Washington, D. C. (John N. Cole, Sp. Atty., of Washington, D. C., and Nelson A. Sharfman, Sp. Atty., of New York City, of counsel), for the United States.

Harold Stern, of New York City (Harold Stern, Benjamin S. Kirsh, and Walter M. Colleran, all of New York City, of counsel), for Local Union No. 3 of the I. B. E. W. and others.

Herman L. Weisman, of New York City (Herman L. Weisman, Arnold M. Grant, and Arthur Richenthal, all of New York City, of counsel), for New York Electrical Contractors Ass'n., Inc., and others.

Breed, Abbott & Morgan, of New York City (Charles H. Tuttle, Thomas E. Kerwin, Lloyd V. Almirall, and Kendall B. DeBevoise, all of New York City, of counsel), for Heating, Piping and Air Conditioning Contractors New York City Ass'n., Inc., and others.

Joseph A. Byrne, of New York City (Joseph F. Kroppy, of New York City, of counsel), for Association of Contracting Plumbers of City of New York, Inc., and another.

Eidlitz, French & Sullivan, of New York City (Harry N. French and J. G. Fink, both of New York City, of counsel), for Building Trades Employers Ass'n. of City of New York.

CONGER, District Judge.

Defendants have demurred to the indictment herein on the ground that it fails to state a crime under Section 1 of the Sherman Act, 15 U.S.C.A. § 1. The defendants in this case are Local Union No. 3 of the International Brotherhood of Electrical Workers, an unincorporated labor union affiliated with the International Brotherhood of Electrical Workers (an affiliate of the American Federation of Labor); the New York Electrical Contractors Association, Inc.; Heating, Piping, and Air Conditioning Contractors New York City Association, Inc.; Association of Contracting Plumbers of the City of New York (an unincorporated association); Association of Contracting Plumbers of the City of New York, Inc.; the Building Trades Employers' Association of the City of New York (an unincorporated association); and a number of individuals who were and are officers and directors of the defendant contractors' associations and a number of individuals who were and are officers and business representatives of the defendant local union.

The indictment is in one count charging the defendants with a violation of Section 1 of the Sherman Act in that the contractors' association and its officers conspired with the local union and its officers to directly and intentionally "restrain trade or commerce."

There is precedent in upholding an indictment charging conspiracy of a union and a non-labor group, which under certain circumstances directly restrains trade. As stated by Judge Black in United States v. Associated Plumbing & Heating Merchants et al., D.C., 38 F.Supp. 769, at page 770: "The phrase 'So long as a union acts in its self-interest and does not combine with non-labor groups' must be held as the controlling and decisive distinction in that opinion [referring to United States v. Hutcheson, 312 U.S. 219, 61 S.Ct. 463, 85 L.Ed. 788] in so far as it bears upon the question in this case. In the instant indictment which is before the Court in this case it is definitely charged that the union and the union defendants have not acted in the interests of labor and it is further charged that instead they did wrongfully combine with non-union groups * * *."

The defendants urge, however, that in that case the court, while assuming for the purposes of the demurrers the truth of all the allegations in the indictment, but without stating the facts, held that these allegations stated a crime under the Sherman Act. The defendants contend that in the indictment at bar, admitting the truth of all the allegations therein, and assuming a combination of labor and non-labor groups, the facts alleged do not constitute that direct restraint of trade or commerce necessary

for a crime under the Sherman Act as set forth in Apex Hosiery Company v. Leader, 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311, 128 A.L.R. 1044. See discussion of this case in United States v. Local Union No. 3, D.C.S.D.N.Y., 42 F.Supp. 783, opinion filed herewith.

The indictment alleges that defendants, by their conspiracy, agreed to refuse to install electrical starter and control equipment, with certain exceptions, in the City of New York which had been manufactured, assembled, and wired in states other than New York State; agreed to obstruct and prevent the purchase and shipment in interstate commerce into the City of New York of large quantities of such equipment manufactured, wired and assembled in states other than the State of New York; and agreed to burden such interstate commerce by causing such equipment to be unassembled and unwired and then reassembled and rewired in the City of New York by members of the defendant union before installation.

 I cannot agree with defendants that these acts are not in direct restraint of trade, for they appear to constitute a direct, not an incidental, restraint. Such restraint is within the meaning of the Sherman Act as defined in the Apex case, supra, 310 U.S. at pages 500 and 501, 60 S.Ct. at page 996, 84 L.Ed. 1311, 128 A.L.R. 1044 where the court said: "Restraints on competition or on the course of trade in the merchandising of articles moving in interstate commerce is not enough, unless the restraint is shown to have or is intended to have an effect upon prices in the market or otherwise to deprive purchasers or consumers of the advantages which they derive from free competition. [citing cases]". The indictment specifically alleges that the above activities of defendants have added to and increased the cost to the purchaser in the City of New York of such electrical equipment manufactured outside of New York State.

This is not a case of a strike, or a boycott during a strike, or a jurisdictional labor dispute, which results indirectly in a restraint of trade, but the above activities of these defendants are an intentional direct burden on interstate commerce.

There can be no question but that labor unions have a right to organize, have a right to make agreements, have a right to strike under certain conditions, have a right to maintain union standards and conditions, and have a right to do many things to aid and assist their members; but, of course, paramount to all these rights, such activities must violate no law. The indictment plainly charges that the defendants did certain acts, and, in my opinion, these acts, if true, constitute a direct restraint of trade in violation of the anti-trust laws.

It should be noted that there is no "labor dispute" within the meaning of Section 13(c) of the Norris-LaGuardia Act in the indictment herein which would render the indictment void under the holding of United States v. Hutcheson, 312 U.S. 219, 61 S.Ct. 463, 85 L.Ed. 788. See discussion of this case in United States v. Local Union No. 3, D.C.S.D.N.Y., 42 F.Supp. 783, opinion filed herewith.

Many of the arguments presented by the defendants in their various briefs in support of their demurrers go mainly to the merits of the case and the sufficiency of the government's proof. As I read the indictment, the activities of the defendants charged therein constitute a crime within the meaning of the Sherman Act. Whether the government will be able to prove a crime upon a trial herein is a matter not before this court.

The demurrers should be dismissed. Settle order on notice.