■ FIVE BORO ELECTRICAL CONTRACTORS ASSN. INC., et al., Appellants, v. CITY OF NEW YORK et al., Respondents.— Order and judgment (one paper), Supreme Court, New York County, entered on March 4, 1970, granting summary judgment to defendants, and declaring sections B30–13.0 (subd. a, par. 2); B30–16.0 (subd. a, par. 5); B30–4.0 (subd. 62) of the Administrative Code of the City of New York, constitutional, valid and lawful, affirmed. Respondents shall recover of appellants $50 costs and disbursements of this appeal. In affirming, we note that on the record before us, we cannot conclude a case has been made against the rationality of the pertinent sections of the code, as delineated in the minority opinion herein, or that the sections are offensive to Amendment XIV of the Federal Constitution. And since what was before Special Term was a motion for summary judgment, the moving plaintiffs had an obligation to produce all the evidence within their ken, as upon a trial. (*Dodwell & Co.* v. *Silverman*, 234 App. Div. 362; *Di Sabato* v. *Soffes*, 9 A D 2d 297, 300; *Cohen* v. *Pannia*, 7 A D 2d 886.) In any event, the facts essential to a determination of the constitutional question have been admitted in respondents' answer to appellants' complaint. Further, the defendants also cross-moved for summary judgment, and judgment in their favor is proper. On the sparse record before us, we cannot substitute our judgment for that of a legislative body. (*Queensside Hills Co.* v. *Saxl*, 328 U. S. 80, 82–83; see, also, *Matter of Engelsher* v. *Jacobs*, 5 N Y 2d 370, 373, cert. den. 360 U. S. 902; *Ferguson* v. *Skrupa*, 372 U. S. 726, 730.) In short, the moving parties have not met their burden. And their burden was not light, in view of the previously expressed views of the Court of Appeals in *Matter of Spielvogel* v. *Ford* (1 N Y 2d 558). (In the United States Supreme Court, the appeal was dismissed for went of a substantial Federal question. 352 U. S. 957, rehearing den., 352 U. S. 1019.) Concur — McGivern, J. P., Markewich and Murphy, JJ.; Nunez and Kupferman, JJ., dissent in the following memorandum by Kupferman, J.: This is an action for a declaratory judgment to declare unconstitutional certain provisions of the Administrative Code of the City of New York referred to as the Electrical Code, and to declare invalid the interpretation by the defend-

ants of another provision of the code. The plaintiffs are duly licensed master electricians, who, under the code, are not permitted to share office space, and duly licensed master electricians in a partnership and in a corporation, who, under the interpretation of the code, are not all permitted to use the master electrician's license issued to each of them, because the defendants' interpretation is that only one member of a partnership and one officer of a corporation may use such license. Plaintiffs moved for summary judgment, but pursuant to CPLR 3212 (subd. [b]) summary judgment was granted instead to the defendants. At issue are the questions: 1. Are sections B30–13.0 (subd. a, par. 2) and B30–16.0 (subd. a, par. 5) of the Administrative Code of the City of New York prohibiting master electricians from sharing office space constitutional? 2. Does the Department of Water Supply, Gas and Electricity validly interpret section B30–4 (subd. 62) of the Administrative Code of the City of New York allowing only one master electrician's license to a partnership or a corporation, and, so interpreted, is it constitutional? It may seem ludicrous that only electricians are not allowed to share office space while lawyers, physicians, accountants and other professional men have no such restriction. The defendants argue, however, that there is a rational basis for the requirement, and that the standards of equal protection of the law are met if a classification or distinction has some reasonable basis, and, further, that the requirements of equal protection are satisfied because all master electricians are treated alike. Except for a possible situation in the field of play production where the producer is an individual manager to be dealt with and not a corporation, under the requirements of the Dramatists Guild Agreement[1], there does not seem to be any requirement other than with respect to master electricians, limiting a corporation or a partnership where more than one licensed individual is involved, to only one in each such organization who may use the license. The defendants contend that there is a rational basis for their interpretation to this effect of the Administrative Code of the City of New York. Perhaps my skepticism as to the explanation given by the defendants would be less acute if the electrical industry in New York did not have such an interesting history of restrictions designed to make it difficult for competition. Sometimes, there was a union activity (*United States* v. *Local Union No. 3,* 42 F. Supp. 783, 42 Columbia L. Rev. 1067; *United States* v. *New York Elec. Contrs. Assn.,* 42 F. Supp. 789); sometimes in conjunction with employers (*Allen Bradley Co.* v. *Union,* 325 U. S. 797); and sometimes based on determinations by the New York City Licensing Board in the Department of Water Supply, Gas and Electricity (*Matter of Spielvogel* v. *Ford,* 1 N Y 2d 558; *Matter of Tchernoff* v. *Davidson,* 36 A D 2d 527). If one can put aside concern with the right of a qualified individual to work or with the rising cost of doing business or with getting the consumer his money's worth, a simple affirmance on traditional concepts of the presumption of the constitutionality of legislative enactment and the reasonableness of administrative rules, can be made. (See *Defiance Milk Prods. Co.* v. *Du Mond,* 309 N. Y. 537.) The plaintiffs-appellants raise a valid avenue of inquiry which deserves consideration. The *Spielvogel* case, (*supra*) with a sound dissent by Judge VAN VOORHIS (1 N Y 2d 567) requires further

---

1. See Protective Societies for Authors and Creators by William Klein, II in 1953 Copyright Problems Analyzed (C.C.H. 1953), pp. 55 *et seq.* Incidentally, an elaborate system of control by a union of writers was considered to be in violation of the anti-trust laws, *Ring* v. *Spina,* 148 F. 2d 647, 166 F. 2d 546, cert. den. 335 U. S. 813, 186 F. 2d 637.

analysis. A constitutional question was certified in that case (1 N Y 2d 687) but the Supreme Court refused jurisdiction "for want of a substantial federal question." (352 U. S. 957, rehearing den. 352 U. S. 1010.) It is assumed that the plaintiffs-appellants mean to develop the facts, or else they would have gone directly to the Court of Appeals from the determination at Special Term. (CPLR 5601, subd. [b], par. 2; see Civ. Prac. Act, § 588, subd. 4.) Under the circumstances, the order should be reversed, on the law, and the summary judgment for defendants, which they did not seek, denied. [61 Misc 2d 1050.]