(February 28, 1977)

■ CENTRAL SCHOOL DISTRICT NO. 2 OF THE TOWN OF OYSTER BAY, NASSAU COUNTY, Appellant, v FLINTKOTE COMPANY et al., Respondents.—In an action, *inter alia,* to recover damages predicated upon the improper and negligent installation of a roof, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered May 5, 1976, which, after a nonjury trial, is in favor of defendants and against it. Judgment, insofar as it is in favor of defendant the Flintkote Company, affirmed, without costs or disbursements. Judgment, insofar as it is in favor of defendant Eggers and Higgins, reversed, on the law and the facts, and, as between plaintiff and said defendant, action severed and new trial granted, with costs to abide the event. We agree with Trial Term that there was no ambiguity in the $5,700 limitation in the "Twenty Year Built-Up Roof" guarantee bond and that, since that sum had been exceeded by the Flintkote Company in its expenditures for repairs, the action against that defendant was properly dismissed. A new trial is required, however, to determine whether, in view of all of the circumstances, defendant Eggers and Higgins (the architect) failed to meet its obligation to inspect the construction and, if so, whether that was the proximate cause of the failure to discover that the roofing subcontractor did not meet the roofing specifications. Assuming, as the Trial Term found, that the "Clerk of the Works" was an employee of the school district, the defendant architect had an independent obligation to make its own inspections (from "time to time") pursuant to its contract with the school district and to live up to the standard of care required of an architect. Eggers and Higgins could not properly rely solely upon the assumption that the "Clerk of the Works" was properly inspecting the work of the subcontractor roofer. For example, the record raises a serious question as to why the deficiency in the number of tiers of felt (one of the unquestioned faults in the installation of the roofing) was not discovered by the architect. If an architect can escape the obligation and supervisory duties he contracted to perform merely by accepting, at face value and without verification, the approval of the "Clerk of the Works" as to the progress of the work, the owner would be deprived of the professional judgment which he had the right to expect. The owner's retainer of a "Clerk of the Works" for full-time, on-site services, constituted a protection that is an addition to and not a substitute for the contractual and professional obligations of the architect. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ CERTISH CONSTRUCTION CORP. et al., Appellants, v MADISON HEAT CORP., Respondent.—In an action to recover damages predicated upon a fraudulent mortgage, plaintiffs appeal from an order of the Supreme Court, Queens County, dated March 15, 1976, which granted defendant's motion to strike the first four causes of action in the complaint, on the ground of collateral estoppel. Order affirmed, with $50 costs and disbursements. It appears that appellants' sole argument is based upon a five-month delay between the date of the court's decision and the execution and entry of an order thereon. We believe that it was within the discretion of Special Term to permit the delayed entry of the order, particularly where the sole prejudice arising from the delay affected only the respondent. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.