■  ESTHER NEUFELD, Appellant, v ARTHUR SCHACHNER et al., Respondents. (And a Third-Party Action.)—Order, Supreme Court, New York County, entered June 15, 1977, granting defendant and third-party plaintiff Trey Brokerage Co., Inc.'s motion and defendant Arthur Schachner's cross motion for summary judgment dismissing the complaint; denying Trey Brokerage Co., Inc.'s motion for summary judgment dismissing the third-party defendants' answer; granting the third-party defendants Frieda and Michael Tager's cross motion for summary judgment dismissing the third-party complaint and denying Schachner's cross motion to compel Mr. and Mrs. Tager to produce the coat for discovery and inspection, unanimously modified, on the law, without costs and disbursements, to the extent of denying the motion by defendant Arthur Schachner for summary judgment dismissing the complaint and granting that part of said defendant's motion seeking discovery and inspection of the fur coat, and, as so modified, affirmed. A fur coat previously sold by plaintiff to third-party defendant Frieda Tager was allegedly water-damaged on plaintiff's premises. The Tagers' resultant claim lodged through their broker defendant Trey Brokerage Co., Inc., with the insurer, defendant Fireman's Fund American Insurance Companies, was rejected on the basis of a report of defendant Schachner who was assigned as appraiser by the insurer to report on the validity of the claim. Schachner's report states that the coat was a dye-added, not a natural mink coat, that the fading was due to oxidation and that plaintiff offered to take care of him "very liberally" if he saw to it that Mrs. Tager got the $500 from her insurance company. The report communicated to the insurer and in turn the broker and the Tagers culminated in a letter from the Tagers to plaintiff objecting to plaintiff's conduct in selling a fake mink coat and attempting to bribe Schachner. Plaintiff's action in defamation

against the insurer, the broker and Schachner followed with the broker impleading the Tagers by way of indemnity and contribution. With respect to the third-party complaint, there was no publication by the Tagers since there was no showing that they published the alleged defamatory material to anyone but plaintiff *(Ostrowe v Lee,* 256 NY 36, 38). The broker, Trey Brokerage Co., Inc., acted in this matter as agent for the Tagers and on this record no basis for predicating liability against the broker may be found. Regarding the defense of qualified privilege raised by Schachner, such privilege "is not absolute; it may be overcome and defeated by a showing based on evidentiary facts that the defamatory statements were motivated by either 'actual malice' *(Shapiro v. Health Ins. Plan,* 7 N Y 2d 56, 60, *supra),* 'actual ill-will' *(Ashcroft v. Hammond,* 197 N. Y. 488, 495, *supra)* or 'personal spite * * * or culpable recklessness or negligence' " *(Stillman v Ford,* 22 NY2d 48, 53). On this record it is clear that arguable factual issues are raised as to whether the privilege applies, that is, whether the alleged defamatory statements were motivated by ill-will or personal spite or uttered under circumstances demonstrating culpable recklessness or negligence. Plaintiff unequivocally denies that the fur coat is a dye-added coat and that she offered "to take care of [Schachner] if [he] saw to it that Mrs. Tager gets the $500" and maintains that the coat is "a natural dark ranch mink coat" and would be so found by experts in the field. This presents a question of fact as to whether defendant Schachner was making a statement known to him to be false when he reported that in a conversation with him plaintiff had offered to take care of him if he saw to it that Mrs. Tager got the $500. A defamatory statement known to be false destroys the qualified privilege. *(Pecu v West,* 233 NY 316, 323.) The defendants merely rely for support on the report itself. Generally, conclusory assertions, whether contained in an affidavit or a report, may not serve as a predicate for summary judgment when opposed by countervailing conclusory assertions. An evidentiary showing is required and this is best secured, on this record, by affording plaintiff her day in court against defendant Schachner and his employer, Fireman's Fund American Insurance Companies. Schachner's cross motion insofar as it seeks to compel the Tagers to produce the fur coat for inspection is, therefore, not academic and no purpose is served by delaying production of the coat. Concur—Lupiano, J. P., Birns, Silverman, Evans and Sullivan, JJ.