■ DAVID YAGER et al., Plaintiffs, v ARLEN REALTY & DEVELOPMENT CORP., Defendant; TIRES, INC., Defendant and Third-Party Plaintiff-Respondent. DENMAN RUBBER MANUFACTURING Co., Third-Party Defendant-Appellant. — In a personal injury action based upon theories of negligence and breach of warranty, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Goldstein, J.), dated October 14, 1982, as, upon reargument, adhered to its prior order denying the third-party defendant's motion for summary judgment. Order affirmed, insofar as appealed from, with costs. Appellant's motion for summary judgment in the third-party action, on the ground that respondent cannot prove the tire in question was defective, was properly denied. The third-party complaint seeks full or partial indemnification from appellant only if plaintiffs prove the tire was defective. By its argument, appellant is placing respondent in the position of having to prove plaintiffs' case before plaintiffs have submitted any evidence in support thereof. Summary judgment should be denied when the motion is predicated on facts which are not within the knowledge of the opposing party (see CPLR 3212, subd [f]; *Franklin Nat. Bank of Long Is. v De Giacomo,* 20 AD2d 797). Moreover, the fact that the tire in question cannot be located and that there are no records or photographs indicating the condition of the tire, is not necessarily fatal to plaintiffs' action. The cases are clear that a product defect may be proven by circumstantial evidence (see *Codling v Paglia,* 32 NY2d 330; *Halloran v Virginia Chems.,* 41 NY2d 386; *Jackson v Melvey,* 56 AD2d 836). O'Connor, J. P., Weinstein, Bracken and Boyers, JJ., concur.

■ In the Matter of THOMAS ALBINO, Petitioner, v IRMA V. SANTAELLA, as Chairperson of the State Human Rights Appeal Board, et al., Respondents, and Y.M.C.A. OF GREATER NEW YORK PROSPECT PARK-BAY RIDGE BRANCH, Respondent-Respondent. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated November 26, 1982, which affirmed a determination of the State Division of Human Rights dismissing petitioner's complaint for lack of probable cause. Order confirmed and proceeding dismissed, without costs or disbursements. On the record considered as a whole, there exists sufficient evidence to support the determination of the State Division of Human Rights that the Y.M.C.A. of Greater New York Prospect Park-Bay Ridge Branch did not engage in any unlawful discriminatory practice on the basis of sex. Damiani, J. P., Weinstein, Niehoff and Boyers, JJ., concur.