■ HOLLIS B. COLEY et al., Appellants, v MICHELIN TIRE CORPORATION, Respondent, and ERNIE'S TOWNLINE SERVICE, Appellant, et al., Defendant. (And Two Third-Party Actions.) — In an action to recover damages for personal injuries, etc., predicated upon theories of negligence, products liability and breach of warranties, (1) plaintiffs and defendant Ernie's Townline Service appeal, as limited by their briefs, from so much of an order of the Supreme Court (Gurahian, J.), dated November 23, 1982 and entered in Rockland County, as granted those branches of defendant Michelin Tire Corporation's motion for summary judgment which sought dismissal of plaintiffs' amended complaint and defendant Ernie's Townline Service's cross claim as against it; and (2) plaintiffs appeal, as limited by their brief, from so much of an order of the same court dated January 28, 1983, as, upon reargument, granted reconsideration and renewal with respect to them, adhered to its original determination. Plaintiffs' appeal from the order dated November 23, 1982, dismissed. With respect to plaintiffs, that order was superseded by the order dated January 28, 1983, made upon reargument, reconsideration and renewal. On defendant Ernie's Townline Service's appeal, order dated November 23, 1982 reversed, insofar as appealed from, and that branch of Michelin Tire Corporation's motion which sought dismissal of Ernie's Townline Service's cross claim against it is denied. Order dated January 28, 1983 reversed, insofar as appealed from, so much of the order dated November 23, 1982 as granted that branch of Michelin Tire Corporation's motion for summary judgment which sought dismissal of plaintiffs' amended complaint as against it vacated, and that branch of the motion is denied. Appellants appearing separately and filing separate briefs are awarded one bill of costs payable by Michelin Tire Corporation. Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue of fact (see, e.g., *Rotuba Extruders v Ceppos,* 46 NY2d 223; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). Defendant Michelin's motion for summary judgment, which was made on the ground that plaintiffs did not set forth the nature of the alleged defect in the tire, was improperly granted. To establish a cause of action sounding in strict products liability, a plaintiff is not required to prove the specific defect, especially in a product of a complicated nature. Proof of the necessary facts may be circumstantial in nature. The defect may be inferred from proof that the product did not perform as intended by the manufacturer (*Caprara v Chrysler Corp.,* 52 NY2d 114; *Halloran v Virginia Chems.,* 41 NY2d 386; *Codling v Paglia,* 32 NY2d 330; *Yager v Arlen Realty & Dev. Corp.,* 95 AD2d 853; *Iadicicco v Duffy,* 60 AD2d 905; *Jackson v Melvey,* 56 AD2d 836). Moreover, in a motion for summary judgment, the moving party has the burden of setting forth evidentiary facts to establish his

cause sufficiently to entitle him to judgment as a matter of law; anything less requires a denial of the motion even where the opposing papers are insufficient (*Yates v Dow Chem. Co.*, 68 AD2d 907; *Five Boro Elec. Contrs. Assn. v City of New York*, 37 AD2d 807). Conclusory assertions may not serve as a predicate for summary judgment. The burden on the movant to produce evidentiary facts is greater than that on the opponent (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065; *Neufeld v Schachner*, 61 AD2d 952). While plaintiffs' expert's affidavit might be somewhat conclusory in nature, the affidavits submitted by Michelin's experts appear to be just as conclusory. Thus, Michelin did not meet its burden of proof, and its motion for summary judgment as against appellants should have been denied. O'Connor, J. P., Weinstein, Niehoff and Boyers, JJ., concur.