■ MARIA TROYAN, an Infant, by Her Parents and Natural Guardians, THOMAS TROYAN and Another, Appellants, v RIVERHEAD CENTRAL SCHOOL DISTRICT, Respondent.—In an action, *inter alia,* to recover damages for personal injuries, plaintiffs appeal from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated April 26, 1984, which denied their motion for partial summary judgment.

Order affirmed, with costs.

The infant plaintiff was injured by a flame which flew out at her while her teacher was attempting, by the use of "ditto fluid", to light a flame in order to boil water in a classroom demonstration of a steam engine. The teacher had followed this procedure without incident several times in the past 10 years.

Plaintiffs are not entitled to partial summary judgment because their own supporting papers show that there are issues of fact requiring a trial. Summary judgment is a drastic remedy which is not to be granted unless it is clear that no material and triable issue exists *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). Summary judgment is granted in negligence cases only where " 'there is no conflict at all in the evidence, [and where] the defendant's conduct fell far below any permissible standard of due care' " *(Andre v Pomeroy,* 35 NY2d 361, 365). Plaintiffs' supporting papers indicate the existence of issues of fact as to whether flammable liquid was poured on an open flame and whether the teacher's conduct was unreasonable under the circumstances. Since plaintiffs did not meet their burden of proving entitlement to judgment as a matter of law, the motion was properly denied, regardless of the sufficiency of the opposing papers

*(Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Coley v Michelin Tire Corp.,* 99 AD2d 795; *Yates v Dow Chem. Co.,* 68 AD2d 907). Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.