■ ANNE Fox, Individually and as Executrix of BENJAMIN Fox, Deceased, Appellant, v RICHARD P. WALSH et al., Respondents.—In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), entered January 30, 1985, which denied her motion for summary judgment.

Order affirmed, with costs.

This negligence action, arising from a collision at the intersection of Avenue N and East 95th Street in Brooklyn between the vehicle operated by the plaintiff's decedent and a van operated by the defendant Walsh and owned by the defendant Tridon Bus Corp., is not one of those rare cases which is ripe for summary judgment in favor of the plaintiff *(cf. Andre v Pomeroy,* 35 NY2d 361). The plaintiff, as movant, had the burden of setting forth evidentiary facts to establish her cause of action sufficiently to entitle her to judgment as a

matter of law; anything less requires a denial of the motion even where the opposing papers are insufficient (see, Coley v Michelin Tire Corp., 99 AD2d 795; Yates v Dow Chem. Co., 68 AD2d 907). The conclusory assertions in the affidavit of a police officer who investigated the accident may not serve as a predicate for summary judgment (see, Coley v Michelin Tire Corp., supra). Nor can it be ascertained from this record whether or not a portion of the accident report which sets forth that officer's opinion as to the cause of the accident is admissible as a qualified opinion (see, Murray v Donlan, 77 AD2d 337, 347). Further, said officer was not a witness to the accident. Accordingly, Special Term did not err in denying the plaintiff's motion for summary judgment. Mollen, P. J., Weinstein, Rubin and Spatt, JJ., concur.