■ ANTHONY NORMAN, Appellant, v CROMPTON & KNOWLES CORP., Defendant and Third-Party Plaintiff-Respondent. SAXTON PRODUCTS, INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the plain-

tiff appeals, from (1) an order of the Supreme Court, Rockland County (Slifkin, J.), dated February 25, 1985, which granted the defendant third-party plaintiff's motion for summary judgment dismissing the complaint, (2) a judgment of the same court, entered February 25, 1985, which, *inter alia*, upon the order granting the motion for summary judgment, dismissed the complaint, and (3) an order of the same court, dated April 29, 1985, which denied his motion for reargument.

Ordered that the appeal from the order, dated February 25, 1985 is dismissed; and it is further,

Ordered that the judgment is reversed, the order is vacated, the motion for summary judgment is denied, and the complaint and third-party complaint are reinstated; and it is further,

Ordered that the appeal from the order dated April 29, 1985 is dismissed as no appeal lies from an order denying reargument; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order, dated February 25, 1985, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff commenced the instant action to recover for an injury to his right hand suffered on October 24, 1979, while he was operating an extruder machine during the course of his employment with the third-party defendant Saxton Products, Inc. In his complaint, the plaintiff alleged, *inter alia,* that the injury-producing machine was manufactured and furnished by the defendant. Issue was joined by service of the defendant's answer in which it denied having knowledge or information sufficient to form a belief with respect to the manufacture of the subject machine.

Thereafter, the defendant moved for summary judgment dismissing the complaint on the ground that it had not manufactured or furnished the subject extruder machine. Special Term (Marbach, J.) denied the motion with leave to renew upon completion of discovery. By notice of motion dated November 27, 1984, the defendant sought leave to renew its motion for summary judgment. Special Term granted the defendant's motion for summary judgment dismissing the complaint. We reverse.

Upon review of the record, we conclude that the defendant did not sustain its burden, as the movant, of setting forth evidentiary facts to establish its defense sufficiently to entitle it to judgment in its favor as a matter of law (CPLR 3212 [b]; *see, e.g., Computer Strategies v Commodore Business Machs.,* 105 AD2d 167, 175, *rearg denied and appeal denied* 110 AD2d 743; *Coley v Michelin Tire Corp.,* 99 AD2d 795). Therefore, regardless of the insufficiency of the opposing papers, the defendant's motion for summary judgment was improperly granted *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Troyan v Riverhead Cent. School Dist.,* 113 AD2d 884; *Coley v Michelin Tire Corp., supra).*

In support of its motion, the defendant relied upon the affidavit of an engineer whom it formerly employed. The engineer concluded on the basis of a comparison of the subject extruder machine with a comparable machine that the defendant manufactured that the machine upon which the plaintiff was injured was not of the same design as the defendant's machine. In fact, the engineer determined that the subject machine more closely resembled the design of a machine made by John Royle & Sons, another manufacturer. However, the engineer's opinion is not conclusive on this issue as the machine in question was manufactured approximately 40 to 50 years prior to the plaintiff's accident and there is no indication that the engineer compared the design of the subject machine with the design of a machine manufactured by the defendant during a comparable time period.

The defendant further supported its motion with the testimony at an examination before trial of a plant manager employed by Saxton Products. He stated that the subject machine was made by John Royle & Sons (hereinafter Royle). However, he premised his opinion on the fact that one component of the machine bore the name of that company. The affidavit of the plaintiff's expert in opposition to the motion indicated that the existence of Royle's label on one component of the machine is not determinative of the manufacturer of that machine because replacement parts are commonly obtained from sources other than the original manufacturer. The extruder machine bore no label or serial number. In sum, the plant manager's conclusion that the entire machine was manufactured by Royle is mere conjecture and surmise.

There was additional evidence submitted in support of the motion indicating that Saxton Products had at least one other machine purchased from the defendant which was similar to the machine at issue. Thus, on the basis of the evidence

submitted, the defendant failed to meet its burden and its motion for summary judgment should have been denied. Mollen, P. J., Thompson, Weinstein and Rubin, JJ., concur.