■ BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent, v MARS ASSOCIATES, INC. and NORMEL CONSTRUCTION CO., INC., Joint Venturers, Defendants and Third-Party Plaintiffs-Respondents, and JUSTER & SALTZMAN, Architects, et al., Appellants, et al., Defendant, et al., Third-Party Defendants.—In an action to recover damages, inter alia, based upon negligent design and installation of exterior masonry in the construction of a school building, architectural malpractice, and breach of contract, the defendants Juster & Saltzman, Architects, and Elliot Saltzman, appeal from an order of the Supreme Court, Kings County (Golden, J.), dated December 22, 1986, which denied their motion for summary judgment dismissing (1) the plaintiff's complaint as against them, (2) the cross claim of the defendants Mars Associates, Inc. and Normel Construction Co. (hereinafter Mars-Normel) as against them, and (3) the cross claim of the first and second third-party defendant John Barba & Sons (hereinafter Barba) as against them.

Ordered that the order is modified, on the law, by deleting the provision denying the appellants' motion, and substituting therefor a provision granting those branches of the appellants' motion which were to dismiss the cross claims of Mars-Normel and Barba insofar as they seek indemnification from the appellants, and otherwise denying the motion; as so modified, the order is affirmed, with costs to the appellants.

On March 26, 1979, portions of the exterior masonry of a school building collapsed, and other portions cracked. The appellants Juster & Saltzman, Architects, had designed the building pursuant to a contract with the plaintiff which required that the architects supply engineering services. The plaintiff asserts claims against the defendants to recover damages, inter alia, for breach of contract, negligence and architectural malpractice. The general contractor and subcontractor of the project seek indemnification and apportionment of liability.

The appellants are not entitled to summary judgment dismissing the plaintiff's complaint as against them because their own supporting papers demonstrate issues of fact requiring a trial (see, Coley v Michelin Tire Corp., 99 AD2d 795). The averments in the appellants' affidavit are contrary to the terms of the contract regarding the appellants' responsibility to approve construction materials and the appellants' on-site responsibility. In addition to the issues regarding the contract, issues of fact exist as to whether the appellants met the standard of care required of an architect (see, Central School Dist. No. 2 v Flintkote Co., 56 AD2d 642), particularly as to the adequacy and sufficiency of weepholes and anchoring materials called for by the architects' plans and specifications. Issues of fact also exist as to whether the appellants failed to meet their obligation to inspect the construction and, if so, whether that was the proximate cause of the collapse and cracking of the portions of the exterior walls of the school building. Thus, the branch of appellants' motion which was to dismiss the plaintiff's complaint as against them was properly denied, regardless of the sufficiency of the opposing papers (see, Troyan v Riverhead Cent. School Dist., 113 AD2d 884; Coley v Michelin Tire Corp., supra). In any event, the plaintiff's opposing papers demonstrate issues of fact as to whether the appellants met their contractual and professional responsibilities.

The appellants also moved for summary judgment dismissing the cross claims of the general contractor, Mars-Normel, and the subcontractor, Barba, for indemnification and contribution. It is undisputed that no contract exists between the appellants and either Mars-Normel or Barba. Moreover, neither Mars-Normel nor Barba has a basis for claiming common-law indemnification from the appellants since the pleadings show that the plaintiff does not claim that Mars-Normel or Barba is responsible for wrongs committed by the appellants (see, County of Westchester v Welton Becket Assocs., 102 AD2d 34, affd 66 NY2d 642). Moreover, if, as alleged in the pleadings, Mars-Normel and Barba are wrongdoers, their claims for common-law indemnification are not viable (see, County of Westchester v Welton Becket Assocs., supra, at 47). On the other hand, if they followed the architects' plans and specifications and exercised reasonable care and skill in the performance of their work, they will not be responsible for damages which occurred as a result of defects in the architects' plans and specifications (see, County of Westchester v Welton Becket Assocs., supra, at 48). Thus, the cross claims for

indemnification, insofar as they are asserted against the appellants, should be dismissed.

Finally, the appellants are not entitled to summary judgment on Mars-Normel's or Barba's cross claims insofar as they sought contribution from the appellants, because the appellants' supporting papers alone create factual issues as to whether they violated duties they owed to the plaintiff *(see, Zuckerman v City of New York,* 49 NY2d 557; *County of Westchester v Welton Becket Assocs.,* 102 AD2d 34, 36, *affd* 66 NY2d 642, *supra).* In any event, Mars-Normel's opposition papers and the pleadings raise factual issues as to the appellants' alleged failure to perform their contractual and professional responsibilities. Although their claims are solely for contribution, Mars-Normel and Barba are free to prove that all of the plaintiff's damages resulted from the appellants' alleged wrongs *(see, County of Westchester v Welton Becket Assocs., supra,* at 48). Mangano, J. P., Thompson, Eiber and Kunzeman, JJ., concur.