■ Israel Badillo et al., Respondents, v Nova Clutch & Brake, Inc., Defendant; SMC Pneumatics, Inc., Appellant, and Skovill, Inc., et al., Respondents.—In an action to recover damages for personal injuries etc., the defendant SMC Pneumatics, Inc. (hereinafter SMC), appeals from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated March 2, 1987, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Israel Badillo suffered partial amputation of his right hand while operating a pneumatic punch press during the course of his employment. The press unexpectedly

malfunctioned and became jammed in a continuous punching mode. In their complaint, the plaintiffs alleged, *inter alia,* that the air filter regulator distributed by SMC caused or contributed to the jamming of the air motor solenoid component of the pneumatic press. The plaintiffs' bill of particulars more specifically alleges that the air filter regulator failed to prevent impurities from entering the air motor solenoid and failed to maintain the air pressure at a consistent rate, causing the motor to jam. In addition, the filter is alleged to be defective in design in that it does not have a safety feature which either alerts the operator or shuts down the system in the event impurities enter the system or if the air pressure changes. Finally, the plaintiffs allege that SMC was negligent in failing to provide adequate warnings or instructions regarding the use of the filter.

After issue had been joined and pretrial discovery completed, SMC moved for summary judgment supported, *inter alia,* by an attorney's affidavit and selected testimony of various witnesses' examinations before trial. In brief, it is SMC's contention that the plaintiffs will be unable to prove that the filter regulator was defective and in any way contributed to the malfunction of the press.

However, SMC has failed to meet its burden of establishing a defense "sufficiently to warrant the court as a matter of law in directing judgment" in its favor (CPLR 3212 [b]; *see also, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068; *Coley v Michelin Tire Corp.,* 99 AD2d 795, 796). The testimony relied upon by SMC is inconclusive and does not support SMC's contention that the air filter regulator did not contribute to the malfunction of the press. As noted by the defendant, a representative of Israel Badillo's employer, Futterer, testified that his visual examination of the air filter regulator and the air motor solenoid components shortly after the accident revealed that both appeared to be functioning properly. However, he also noted that the air motor solenoid is particularly sensitive to microscopic dirt particles, the presence of which he would not be able to detect without the aid of a magnifying device.

Moreover, a representative of SMC, Benjamin Fulgenzi, testified that the purpose of the filter regulator is to filter air and to regulate air pressure, and that the failure to do so will result in the pneumatic tool becoming scratched and worn out. Finally, a representative of the manufacturer of the air motor solenoid stated that the presence of dirt or impurities in the motor could cause a valve to stick or a cylinder to leak

resulting in the jamming of the piston. In view of the foregoing, there is no merit to SMC's contention that it established as a complete defense to all claims against it that the filter regulator was not defective and performed as intended.

Finally, we note that only where the moving party meets its burden of establishing a defense must the opponent make an evidentiary showing sufficient to raise a triable issue of fact *(see, e.g., Norman v Crompton & Knowles Corp.,* 127 AD2d 571, 573; *Silver v Brodsky,* 112 AD2d 213, 215). We find that the affidavit of the plaintiffs' expert, a professional engineer, is sufficient to raise a triable issue of fact as to whether the air filter regulator contributed to the malfunction of the press *(see,* CPLR 3212 [b]). Lawrence, J. P., Kunzeman, Eiber and Kooper, JJ., concur.