■ ALAN R. CRESTER, Respondent, v KELLY LUMBER COMPANY, INC., et al., Defendants, and SANTOS CONSTRUCTION CORPORATION, Appellant. (And Two Third-Party Actions.)— Levine, J. Appeal from an order of the Supreme Court (Best, J.), entered November 15, 1989 in Fulton County, which denied defendant Santos Construction Corporation's motion for summary judgment dismissing the complaint and all cross claims against it.

This personal injury action arises out of a construction site accident which occurred as plaintiff and other workers were in the process of securing roof trusses to the tops of the walls of the building under construction. Defendant Santos Construction Corporation (hereinafter Santos) was in charge of operating the crane used to lift each truss up to the top of the outer walls.

Plaintiff alleges that just prior to the accident, a "toe line" hanging down from the material then being lifted by the crane became entangled in the webbing of the last truss installed at a point about half way across the width of the building. Plaintiff then walked out on the bottom section of the truss to untangle the line when the truss broke and plaintiff fell to the ground.

Plaintiff commenced this action against Santos and other contractors and the owner of the construction site. Following joinder of issue and pretrial discovery, Santos moved for summary judgment on the ground that there was no negligence on its part and that nothing it did was a proximate cause of the accident. In support of its motion, Santos relied on portions of plaintiff's testimony at an examination before trial in which he states that just after the accident he discovered that one of two gussets was missing from an end of the truss that had broken.

In opposition to the motion, plaintiff submitted an engineering expert's affidavit which stated that structural damage to the truss could occur as a result of the force exerted by the crane after the toe line became entangled. In a later affidavit, the expert unequivocally stated that he believed such structural damage occurred and that it was a proximate cause of the accident. Supreme Court denied the motion for summary judgment and this appeal by Santos ensued.

In our view, the motion for summary judgment was properly denied. Plaintiff's expert was undoubtedly aware of the missing gusset based upon his averment that he had reviewed an affidavit by plaintiff which had made specific reference to the missing gusset. In spite of this, however, the expert opined that the entanglement of the toe line with the truss and the force exerted by the crane in still moving its load weakened the structural integrity of the truss and contributed to its collapse and the accident which followed. This evidence was clearly sufficient to rebut Santos' contention that the missing gusset was the sole proximate cause of the accident as a matter of law (see, Badillo v Nova Clutch & Brake, 137 AD2d 573, 575).

Order affirmed, with costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.