■ ALAN VAN PATTEN, Respondent, v U.S. TRUCK BODY COMPANY, INC., et al., Appellants, et al., Defendant. (And a Third-Party Action.)—Mikoll, J. Appeal from an order of the Supreme Court (White, J.), entered October 23, 1990 in Schenectady County, which, *inter alia,* denied motions by defendants U.S. Truck Body Company, Inc. and J. Becker & Sons, Inc. for summary judgment dismissing the complaint against them.

Plaintiff, a truck driver, suffers from a brain injury which

he alleges was caused, *inter alia,* when a frozen food package fell from a rack inside the truck he was unloading and struck the front and/or top of his head. Plaintiff commenced this action against U.S. Truck Body Company, Inc., the manufacturer of the truck body, J. Becker & Sons, Inc., which sold or distributed the truck, and Ford Motor Company, Inc., the manufacturer of the truck's chassis. Plaintiff's complaint alleged causes of action in strict products liability, negligence and breach of warranty. Defendants answered and asserted crossclaims.

U.S. Truck, Ford and J. Becker each moved for summary judgment dismissing the complaint and respective cross claims. Supreme Court granted Ford's motion, holding that plaintiff failed to refute Ford's showing that it manufactured the chassis and that it was not defective when sold. Summary judgment in favor of the other defendants was denied. U.S. Truck and J. Becker (hereinafter collectively referred to as defendants) now appeal.

There should be an affirmance. It was defendants' burden to sufficiently establish their defense, by tendering evidentiary proof in admissible form, to warrant Supreme Court to direct judgment in their favor as a matter of law *(see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965). Until this burden is met, plaintiff is under no burden to make an evidentiary showing to raise a triable issue of fact *(see, Badillo v Nova Clutch & Brake,* 137 AD2d 573, 575). Based on a review of pleadings and papers supporting defendants' motions, defendants have failed to offer any proof as to the condition of the truck when it left their hands or any expert testimony as to the absence of defects in the truck. Defendants' emphasis on the weaknesses in plaintiff's case does not demonstrate their entitlement to summary judgment.

Mahoney, P. J., Casey, Levine and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.