■ STANLEY J. SZATKOWSKI, Appellant, v TURNER & HARRISON, INC., Respondent, et al., Defendants. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an amended judgment of the Supreme Court, Westchester County (Delaney, J.), dated June 1, 1990, as upon granting the motion of the defendant Turner & Harrison, Inc., for summary judgment in an order of the same court, entered June 13, 1988, dismissed the complaint insofar as it is asserted against it.

Ordered that the amended judgment is affirmed insofar as appealed from, with costs to the respondent payable by the appellant.

The plaintiff was injured while working on an assembly line at an automobile plant when he fell into a tank of caustic material while trying to get masking paper off a moving vehicle. Approximately 10 months prior to the accident, the respondent had constructed and installed an unmasking enclosure at the exit end of a lacquer spray booth, pursuant to the plans and specifications provided by General Motors Corporation (hereafter GM).

The plaintiff commenced this action, inter alia, alleging that the respondent was negligent for creating and/or failing to warn of a dangerous condition. The Supreme Court, Westchester County, granted the respondent's motion for summary judgment, holding that the respondent was not liable, since it constructed the booth pursuant to GM's design specifications

and the injury occurred beyond the area in which the respondent's work occurred. We agree.

The plaintiff's injury occurred six to eight feet beyond the area in which the respondent had worked, and the plaintiff failed to show that his injury occurred as a consequence of or in connection with the respondent's actions *(see, Brown v Two Exch. Plaza Partners,* 146 AD2d 129).

In any event, a contractor is not responsible for injuries resulting from a defective plan or design if it diligently complies with the specifications furnished to it by the owner *(MacKnight Flintic Stone Co. v Mayor of N. Y.,* 160 NY 72; *County of Westchester v Welton Becket Assocs.,* 102 AD2d 34, *affd* 66 NY2d 642). Here, there is no evidence in the record that the respondent did not diligently comply with the specifications furnished to it by GM *(Board of Educ. v Mars Assocs.,* 133 AD2d 800). Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.