■ WHITE BAY ENTERPRISES, LTD., Respondent-Appellant, et al., Plaintiffs, v NEWSDAY, INC., Appellant-Respondent. [715 NYS2d 865] —In an action, *inter alia,* to enjoin the defendant from terminating a contract designating the plaintiff as one of its newspaper delivery agents, the defendant appeals from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated November 15, 1999, as denied its motion for summary judgment dismissing the complaint and, in effect, to dismiss the complaint for failure to state a cause of action, and the plaintiff White Bay Enterprises, Ltd., cross-appeals from so much of the same order as denied its cross motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly found that neither party demonstrated its entitlement to summary judgment (*see, Phillips v Kantor & Co.,* 31 NY2d 307; *Zuckerman v City of New York,* 49 NY2d 557). In addition, the Supreme Court properly found that the plaintiff stated a cause of action for tortious interference with contractual relationships (*see, Lama Holding Co. v Smith Barney, Inc.,* 88 NY2d 413).

The parties' remaining claims are without merit. Sullivan, J. P., S. Miller, Altman and Friedmann, JJ., concur.

■ GIOVANNA YANDOLINO et al., Respondents, v GELCO CORP. et al., Appellants. [715 NYS2d 864] —In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated December 3, 1999, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants failed to make a prima facie showing that they were not negligent in the happening of the accident. Accordingly, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the complaint (*see, Coley v Michelin Tire Corp.,* 99 AD2d 795). Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.