## (January 8, 1968)

■ HELEN MILK, Appellant-Respondent, v. JAMES J. GOTTSCHALK, Respondent, and COUNTY OF SULLIVAN, Respondent-Appellant.— GABRIELLI, J. Appeal from an order and judgment of the Supreme Court, which, in an action seeking a declaratory judgment that plaintiff is the duly appointed Commissioner of Jurors for Sullivan County and that defendant Gottschalk's purported appointment to said office is invalid, (1) denied plaintiff's motion for a preliminary injunction and (2) upon defendant's cross motion awarded summary judgment dismissing the complaint. The October 25, 1966 meeting at which the two members present voted for respondent Gottschalk's reappointment, for a term to commence January 1, 1967 was called by respondent himself, without demonstrated authority, and, indeed, in apparent contravention of the board members' unanimous action to adjourn to October 26, 1966 a previously called meeting. Assuming, nevertheless, that the action of the two members may under some circumstances be valid; and assuming, further, that both were duly qualified and acting members; they could not, either as a quorum or majority of the board or as individual members, appoint anyone to the office of Commissioner for a term to commence after the expiration of their own terms of office. An appointment to office in anticipation of a vacancy therein is proper only in case the officer or body making the appointment is still in office when the vacancy occurs (*People* v. *Fitzgerald,* 180 N. Y. 269, 274; *People ex rel. Smith* v. *Kenyon,* 241 App. Div. 177, affd. 265 N. Y. 537; *Matter of Towne* v. *Porter,* 128 App. Div. 717). When their successors replaced them, still prior to January 1, 1967, the three-member board as then reconstituted was within its authority in rescinding respondent's purported appointment and in appointing appellant to the office. Although the papers present no triable issue, we may not award summary judgment in advance of the joinder of issue. (CPLR 3211, subd. [c]; 3212, subd. [a].) Order reversed, on the law and the facts, without costs; motion for preliminary injunction granted; and motion to dismiss complaint denied, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.