■ JOHN M. CLARK, JR., by KATHERINE D. CLARK, Committee, Appellant, v. BENDIX CORPORATION, Respondent.— In a personal injury action, plaintiff appeals from an order of the Supreme Court, Westchester County, dated October 11, 1972, which granted defendant's motion to dismiss the complaint on the ground that it fails to state a cause of action (CPLR 3211, subd. [a], par. 7). Order reversed, with $20 costs and disbursements, and motion denied. Plaintiff, John Monroe Clark, Jr., was injured when his Ford automobile went out of control allegedly as a result of a faulty power steering apparatus supplied to the manufacturer, Ford Motor Company, by defendant. This action was brought by Mr. Clark's committee on his behalf. The complaint alleges two causes of action, the first predicated upon defendant's alleged negligent production and distribution of its automobile parts and the second upon an alleged breach of warranty of fitness for the use for which the steering unit was intended. Defendant's motion was based upon its claim that no cause of action existed on behalf of an injured purchaser of an assembled product against the manufacturer of a component part thereof. In granting the motion, Special Term relied wholly upon *Goldberg* v. *Kollsman Instrument Corp.* (12 N Y 2d 432). We think this was error. It is true that in *Goldberg* the Court of Appeals stated that "for the present at least we do not think it necessary so to extend this rule [dispensing with the privity requirement in actions based on alleged breach of warranty] as to hold liable the manufacturer (defendant Kollsman) of a component part" (*Goldberg* v. *Kollsman Instrument Corp., supra,* p. 437). However, since that time, courts have continued to expand the scope of warranty liability. Most recently, in *Codling* v. *Paglia* (32 N Y 2d 330), the Court of Appeals held that the manufacturer of a defective product may be held liable to an *innocent bystander,* without proof of negligence, for damages sustained in consequence of the defect. In our view, there is no reason in logic or precedent to prevent the rule-extension referred to in *Goldberg.* The courts "act in the finest common-law tradition when we adapt and alter decisional law to produce common-sense justice" (*Woods* v. *Lancet,* 303 N. Y. 349, 355). To deny the injured plaintiff here the opportunity to proceed on a warranty theory against the manufacturer of the component part which may have directly caused the accident would produce an injustice. As noted in *Codling* (*supra*) the average consumer is not equipped to comprehend why or how a particular component operates. "By way of direct illustration, how many automobile purchasers or users have any idea how a power steering mechanism operates or is intended to operate, with its ' circulating worm and piston assembly and its cross shaft splined to the Pitman arm'" (*Codling* v. *Paglia, supra,* pp. 340–341). The point is that if

the court in *Codling* felt that the realities of the market place called for allowing a nonuser to recover against the manufacturer of the completed product for breach of warranty, *a fortiori*, those realities should permit a *purchaser* and *user* to have similar recourse against the manufacturer of the specific component allegedly responsible for the accident. Similarly, there is no reason to preclude plaintiff from seeking redress against the component manufacturer on the theory of negligence. Indeed, where questions of this nature have been considered before, the negligence action was permitted to stand (see *Halpern* v. *Jad Constr. Corp.*, 19 A D 2d 875, 876, affd. 15 N Y 2d 823; *Smith* v. *Squire Homes*, 38 A D 2d 879). There is nothing in the *Goldberg* holding which precludes the maintenance of the negligence suit which plaintiff seeks to press and Special Term erred in so holding (see *Mueller* v. *Teichner*, 6 N Y 2d 903, 904). We conclude that the motion to dismiss must be denied in its entirety. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Brennan, JJ., concur.