■ FRANK J. STELICK, Respondent, v. LEO J. GANGL, Individually and as an Officer of Ithaca Memorial Chapter 147 of the Disabled American Veterans of Ithaca, Appellant. (Action No. 1.) BERNARD J. RUZICKA, Doing Business as BEN RUZICKA REFRIGERATION & ELECTRICAL SERVICE, Respondent, v. LEO J. GANGL, Individually and as an Officer of Ithaca Memorial Chapter 147 of the Disabled American Veterans of Ithaca, Appellant. (Action No. 2.) — Appeals from orders of the Supreme Court at Special Term, entered March 15, 1974 in Tompkins County, which granted motions made by plaintiffs for summary judgment in each action, and from the judgments entered thereon. The respective plaintiffs brought actions against the defendant individually and as an officer of Ithaca Memorial Chapter of the Disabled American Veterans alleging that they performed certain work, labor and services at the request of the defendant Leo J. Gangl on property owned by the Disabled American Veterans. The plaintiff in each action thereupon moved, upon the summons, verified complaint, answer and moving affidavits, for summary judgment. Special Term granted summary judgment in each action against each defendant. There is no question that the individual defendant Gangl was personally served. The sole question is whether jurisdiction was ever obtained over the defendant-corporation by service upon the individual defendant Gangl as an officer of Ithaca Memorial Chapter of the Disabled American Veterans. It is the view of this court that jurisdiction was properly obtained on the defendant-coporation. The summons and complaint clearly and unmistakably gave notice to the corporation that it was a defendant in the action. This is demonstrated by the whole context of the complaint. The corporation was not prejudiced and, therefore, any error or defect must be disregarded (*Avery* v. *O'Dwyer*, 280 App. Div. 766, affd. 305 N. Y. 658). The moving affidavits of the plaintiffs are not sufficient to hold the defendants liable, as a matter of law, for the expenses incurred. Although the trial court excluded the answering affidavits of the defendants, nevertheless, the burden is upon the movant to produce evidence whereby it must clearly appear that no material and triable issue of fact is presented by the pleadings (*Leefe* v. *Public Serv. Mut. Ins. Co.*, 14 A D 2d 951). Since it is the conclusion of this court that the moving papers were insufficient to grant summary judgment against either of the defendants, there is no necessity for defendants to respond with evidentiary proof. Orders and judgments reversed, on the law, and motion in each action denied, without costs. Herlihy, P. J. Sweeney, Kane, Main and Larkin, JJ., concur.