■ STAR RING MANUFACTURING CO., INC., Appellant-Respondent, v FIREMAN'S FUND AMERICAN INSURANCE COMPANIES, Respondent-Appellant.— Order unanimously affirmed, without costs. Memorandum: In 1970 plaintiff delivered scrap gold to a refinery to be melted down and returned as fine gold. After the delivery, the refinery was reorganized under chapter XI of the Bankruptcy Act and in January, 1971 the receiver commingled plain-

tiff's gold with that of others and sold the entire lot. Plaintiff sought to recover its loss through an insurance policy written by defendant but was advised that no loss had occurred under the terms of the policy and that defendant could not pay until the loss issue was resolved with the receiver. Plaintiff thereafter filed a petition for reclamation of the gold and advised defendant of the status of the claim. In 1973 plaintiff advised defendant that it appeared that plaintiff would not recover 100% on the petition and that plaintiff risked loss of its pro rata distribution in bankruptcy if it did not withdraw the reclamation petition. It offered to subrogate its bankruptcy claim to defendant but the offer was not accepted. Plaintiff thereupon withdrew its petition for reclamation, received its pro rata share and commenced this suit to recover insurance for the balance of the loss. Defendant answered that the loss occurred in January, 1971 and that the action was barred by the policy's 12-month limitation period. Both parties moved for summary judgment and defendant moved to dismiss the complaint because the claim was time-barred. Special Term denied the motions. The motions for summary judgment are premature since issue has not been joined (CPLR 3212; *Milk v Gottschalk,* 29 AD2d 698). Nevertheless, they were properly denied on the merits. The parties should develop the full details of the delivery of gold, the nature of plaintiff's claim against the receiver and whether or not the petition for reclamation should have been withdrawn. The motion to dismiss the action as time-barred is denied. Having insisted throughout that no loss occurred in January, 1971, defendant is estopped now from asserting a contrary position for the purpose of defeating what may prove to be an otherwise valid claim. "The doctrine of estoppel is applied in certain cases to prevent inequitable reliance upon a defense, such as the Statute of Limitations, which might otherwise be a bar to recovery. The stimulus for its use is conduct by one person inconsistent with a position later adopted by him which is prejudicial to the rights of another who relied on such prior conduct to his detriment" *(Rosenthal v Reliance Ins. Co.,* 25 AD2d 860, affd 19 NY2d 712; and, see, *Tymon v Linoki,* 16 NY2d 293, 297). (Appeals from order of Erie Special Term in action on insurance policy.) Present—Moule, J. P., Simons, Mahoney, Goldman and Witmer, JJ.