■ MONROE ABSTRACT & TITLE CORPORATION, Plaintiff, v SALVATORE F. GIALLOMBARDO, Appellant, et al., Defendant, and HELEN J. O'NEILL, Respon-dent.—Order unanimously reversed, without costs, and motion denied. Mem-orandum: In March, 1969 plaintiff accepted the sum of $1,400 to be held in escrow pursuant to an agreement whereby the fund was to be released to Salvatore Giallombardo as attorney for Barbara O'Neill when certain judg-ments of record were either satisfied or outlawed by the applicable Statute of Limitations, or when certain policies of title insurance, issued by plaintiff, were canceled. In July, 1972 Barbara O'Neill (Barbara) executed a written assignment transferring her right, title and interest in the escrow fund to Helen J. O'Neill (Helen). The assignment was forwarded to plaintiff. Helen claimed the money in March, 1973, as did Giallombardo who asserted that one half of the fund was his and that Barbara had no right to assign it to anyone. After concluding that the Statute of Limitations barred action on the judgments, plaintiff commenced this action of interpleader and subse-quently obtained an order by which it was discharged from liability upon payment of the fund into court. Thereafter, Helen, although neither she nor Barbara responded to the interpleader complaint, moved for summary judgment. Her moving papers, which include a copy of the assignment, show

that Barbara, her former daughter-in-law, owned and conveyed certain real property and that the escrow fund was created in connection with that conveyance. Additionally, her affidavit recites that the assignment was made to secure repayment of a loan. Defendant Giallombardo opposed the motion. His affidavit states that he and Thomas O'Neill (Barbara's then husband and Helen's son) agreed to purchase the realty involved, renovate it and sell it at a profit. However, for "business and personal reasons" they had Barbara submit the purchase offer and take title as their agent. Giallombardo and Thomas O'Neill each paid 50% of the cash balance due at the closing. Following the closing, Barbara executed a deed conveying the realty to herself and Giallombardo's wife as tenants in common. This deed, however, was not recorded, is undated and is otherwise incomplete. Barbara thereafter conveyed the property, and the net proceeds from the sale were evenly divided between Giallombardo and Thomas O'Neill. According to Giallombardo, the escrow fund was to be returned to him as attorney for Barbara O'Neill in order to protect his 50% interest. Where an assignee deals with one whom the true owner allows to appear as having full power of disposition over the property and the assignee acts in good faith and for value, the rights of the true owner will be inferior to those of the assignee (*Moore v Metropolitan Nat. Bank,* 55 NY 41; *McNeil v Tenth Nat. Bank,* 46 NY 325; see *Perksy v Bank of Amer. Nat. Assn.,* 261 NY 212, 220; Restatement, Contracts 2d, § 175, p 411). Thus Giallombardo, the true but undisclosed owner, forfeits his interest in the funds, assuming Helen O'Neill obtained the assignment for value and without notice of any infirmity. The burden of proof on a motion for summary judgment rests upon the moving party. Evidence must be produced which eliminates material and triable issues of fact, even where the opposing papers are insufficient (*Stelick v Gangl,* 47 AD2d 789; *Greenberg v Manlon Realty,* 43 AD2d 968, 969). Though the record indicates that the assignment was made for value, it fails to demonstrate that Helen O'Neill was a good faith assignee without notice of Giallombardo's interest (and her son's interest) in the funds (cf. *Gray Mfg. Co. v Pathe Ind.,* 33 AD2d 739, affd 26 NY2d 1045). Additionally, in view of Helen O'Neill's failure to plead to the complaint, her motion for summary judgment was premature (CPLR 3212, subd [a]; *Star Ring Mfg. Co. v Firemans Fund Amer. Ins. Cos.,* 49 AD2d 1007, 1008; *Milk v Gottschalk,* 29 AD2d 698). Finally, it appears that Thomas O'Neill is entitled to claim jointly with Giallombardo and is therefore a necessary, although not indispensible, party to this action (CPLR 1001, subd [a]; *Keene v Chambers,* 271 NY 326). Since the plaintiff has been discharged, defendant Helen O'Neill should bring Thomas O'Neill into the action as a party (CPLR 1001, subd [b]; *Matter of Lezette v Board of Educ.,* 35 NY2d 272, 282). (Appeal from order of Erie Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.