■ CHARLES YATES, as Administrator of the Estate of PHYLLIS YATES, Deceased, et al., Plaintiffs, v Dow CHEMICAL COMPANY, Appellant, and CHRYSLER CORPORATION, Respondent.—In an action to recover damages for wrongful death and personal injuries, etc., predicated, *inter alia,* upon a theory of strict products liability, defendant Dow Chemical Company appeals from an order of the Supreme Court, Kings County, dated September 11, 1978, which denied its motion for summary judgment dismissing the cross claim of defendant Chrysler Corporation. Order affirmed, with $50

costs and disbursements. The complaint alleges that on August 15, 1975, the infant plaintiff, Cheryl Latimore, and the decedent, Phyllis Yates, were passengers in a Plymouth automobile which was being driven on a public street in Brooklyn when a portion of the vehicle became disengaged and punctured the gas tank, causing a fire. This action was brought against appellant, Dow Chemical Company (Dow), and respondent, Chrysler Corporation (Chrysler), the complaint alleging, *inter alia,* that Chrysler manufactured and distributed the automobile in a "dangerous and defective manner" and that Dow manufactured and caused "the interior of the car to contain flammable materials, poly-plastics that gave off dense and toxic smoke and causing the severe injuries and asphyxiation". The complaint was served in January, 1977 and in March of that year Chrysler served its answer in which it cross-claimed against Dow for indemnification or contribution. In May, 1978 the plaintiffs moved, *inter alia,* to delete Dow as a party defendant on the ground that the causes of action against Dow had been "severed and discontinued". In a supporting affirmation, Dow's attorney stated that on February 13, 1978 the plaintiffs executed a stipulation discontinuing the action as to Dow because the plaintiffs realized "after investigation and conferences" that Dow was not a proper defendant in the action. It was noted, however, that Chrysler has refused to sign the stipulation. Dow's attorney further informed Special Term that Dow was preparing to move for summary judgment dismissing Chrysler's cross claim against Dow, and requested that both motions be resolved together. In June, 1978 Dow moved for summary judgment dismissing the cross claim against it. In the moving papers, Dow's attorney stated that after investigation, "it was determined that none of the materials allegedly in the automobile were manufactured by DOW. When this was demonstrated to the plaintiffs' counsel they signed a stipulation of discontinuing action against DOW * * * Despite repeated requests CHRYSLER has refused to discontinue the cross claim at this time." In his supporting affidavit, Dow's claims manager stated that his review of Dow's records reveals the sale of certain named products which might have been incorporated into a 1972 Chrysler automobile and that none of the products purchased by Chrysler from Dow "could reasonably be described as a poly-plastic", or "would exist or be used in", or "would affect the flammability of the interior of an automobile." The only opposing paper is an affirmation by Chrysler's attorney dated June 30, 1978. He stated that approximately 45 days earlier Dow's counsel advised him that the plaintiffs had discontinued the action against Dow and requested a discontinuance of Chrysler's cross claim; that in the one and one-half years which have elapsed since the complaint was served "virtually no discovery has taken place. Plaintiff *[sic]* has not as yet answered interrogatories and no depositions have been held"; that until Chrysler was advised of the plaintiffs' discontinuance of the action against Dow, no investigation as to Dow's involvement was conducted; and that Chrysler was relying upon the plaintiffs for proof against Dow since the plaintiffs have asserted in their complaint a number of causes of action against Dow individually. He continued: "Quite frankly, the investigation required has not been submitted to my client to determine whether or not any portions of the interior of this automobile involved products manufactured by DOW and this determination may take some considerable period of time requiring full pre-trial discovery as well." Chrysler's counsel made the following offer: "If, however, counsel for plaintiff *[sic]* states by way of affidavit that no issue will be raised at the trial of this action concerning the flammability of any interior portions of the automobile then, and under those circumstances, your

affirmant would consent to a discontinuance of the cross-claim by CHRYSLER against Dow." In the reply affirmation, Dow's attorney stated, *inter alia,* that Chrysler has not responded to a notice to admit (CPLR 3123), which called upon Chrysler to admit that it has made no investigation, has no document and is aware of no fact which supports its cross claim against Dow or shows that Dow is responsible for the allegedly toxic, non-flame-retardant and non-self-extinguishing interior of the vehicle. Dow's motion for summary judgment and the plaintiffs' motion, *inter alia,* to delete Dow as a party defendant were heard on September 7, 1978. In an order dated September 11, 1978 Special Term denied summary judgment on the ground that there were issues of fact which required a trial. It is from this order that Dow appeals. Thereafter, on October 25, 1978, Special Term denied the application to delete Dow as a party defendant and vacated the plaintiffs' stipulation of discontinuance against Dow. It appears that no appeal has been taken from the latter order. Special Term properly denied Dow's motion for summary judgment on the cross claim. The statements by Dow's claims manager in his affidavit that none of the products purchased by Chrysler from Dow would be used in the interior, or would affect the flammability, of an automobile are the expression of an opinion and are conclusory. The claims manager's qualifications as an expert, if any, are not stated. Further, the affidavits do not eliminate the possibility that Chrysler may have purchased from another supplier either a Dow product or an item manufactured by someone other than Dow who incorporated a Dow product in the finished item. An injured person can assert a claim for redress against the manufacturer of an allegedly defective component part *(Rivera v Berkeley Super Wash,* 44 AD2d 316, p 321, n 4, affd 37 NY2d 395; *Clark v Bendix Corp.,* 42 AD2d 727). Elimination of this possibility would require extensive discovery and there have been no discovery proceedings. On a motion for summary judgment, the moving party has the burden of setting forth evidentiary facts to establish his cause sufficiently to entitle him to judgment as a matter of law; anything less requires a denial of the motion, even where the opposing papers are insufficient *(Hotaling v Smith,* 63 AD2d 219, 222; *Walski v Forma,* 54 AD2d 776; *Stelick v Gangl,* 47 AD2d 789; *Greenberg v Manlon Realty,* 43 AD2d 968, 969). It is the plaintiffs who brought Dow into the action as a party defendant, alleging in their complaint that Dow manufactured certain materials used in the interior of the car which were flammable and gave off dense and toxic smoke, and the plaintiffs have not answered interrogatories served upon them. There is nothing in the record, apart from a self-serving statement by Dow's attorney that "After investigation and conferences these plaintiffs realized that DOW was not a proper defendant in the action and they elected to discontinue the action as to DOW in order to avoid unnecessary cost and expense to themselves and DOW", to support the dissent's statement that "plaintiffs have made it abundantly clear that they presently have no basis or even a theory of action against Dow." The record contains no statement by the plaintiffs or their attorney. Chrysler's attorney had no knowledge of the stipulation of discontinuance until several months after it was executed. The plaintiffs' application to delete Dow as a party defendant has been denied; the minority concedes that the plaintiffs' stipulation of discontinuance against Dow has been vacated "without explanation" and no appeal has been taken from that order. The plaintiffs' attorney has refused to concede that no issue will be raised at the trial as to the flammability of any interior portions of the automobile, but Dow has not moved for summary judgment against the plaintiffs. As to Chrysler's failure to respond to the notice to admit, any

admission deemed to be made may be amended or withdrawn "at any time" with the court's permission (CPLR 3123, subd [b]). "The law is settled that the purpose of the notice to admit procedure is not to obtain information in lieu of other disclosure devices, but only to eliminate from the issues matters which will not really be in dispute at the trial" *(Felice v St. Agnes Hosp.,* 65 AD2d 388, 395). Moreover, the notice calls upon Chrysler to admit whether it has any document or is aware of any fact which shows that Dow is responsible for the allegedly toxic and non-flame-retardant interior. This "was in fact a request for an admission to an ultimate or conclusory fact which can only be determined after a full and complete trial" (see *Felice v St. Agnes Hosp., supra,* p 396). Under the circumstances of this record, the denial of Dow's motion for summary judgment on the cross claim was appropriate. Mollen, P. J., Gulotta and Martuscello, JJ., concur.

Suozzi, J., dissents and votes to reverse the order and grant summary judgment to defendant Dow Chemical Company dismissing the cross claim of defendant Chrysler Corporation, with the following memorandum, in which Rabin, J., concurs: In my view, the defendant Chrysler Corporation, in its opposition papers to defendant Dow Chemical Company's motion for summary judgment, failed to submit any evidentiary facts sufficient to raise a triable issue of fact on its cross claim against Dow. Accordingly, the motion by Dow for summary judgment should have been granted and the cross claim of Chrysler against Dow dismissed. A brief review of the background of the litigation surrounding this case is necessary at this juncture. The plaintiffs' complaint, served in January, 1977, alleged that on August 15, 1975 a Plymouth automobile owned and operated by one Wheeler Staton was being driven on a public street in Brooklyn when a portion of the vehicle became disengaged and punctured the gas tank causing a fire. The infant plaintiff and the decedent, Phyllis Yates, were passengers. The action was then commenced by the decedent's administrator, the infant and the latter's mother against Dow Chemical and Chrysler alleging, *inter alia,* that Chrysler manufactured and distributed the car in a dangerous and defective manner and that the interior of the vehicle contained flammable materials manufactured by Dow, i.e., "poly-plastics" which, when ignited, "gave off dense and toxic smoke". In its answer, Chrysler cross-claimed against Dow alleging that "If plaintiff(s) sustained damages in the manner alleged in the complaint * * * such damages were caused by reason of the negligence, breach of contract obligation or warranty of the co-defendant(s) above named." Plaintiffs also commenced an action against the operator of the car and the City of New York and in June, 1977 that action was consolidated with another action against Staton and the city was brought by the representatives of another passenger in the car, Toni Nicks. On February 13, 1978 plaintiffs stipulated to discontinue their action against Dow Chemical, but Chrysler refused to sign the stipulation. Plaintiffs thereafter moved (apparently pursuant to CPLR 3217, subd [a], par 2; subd [b], since an infant was involved) to (1) consolidate the instant action with the previously consolidated actions against the owner-operator and the city and (2) delete Dow as a party defendant. In a supporting affirmation plaintiffs' attorney stated that "after investigation and conferences, it was determined that this party was improper and a stipulation of discontinuance was signed with regard to this particular defendant." In response to this motion to delete Dow as a party defendant, the latter submitted an affirmation supporting plaintiffs' motion in this regard by stating: "3. On February 13, 1978, the plaintiffs YATES and LATIMORE executed a stipulation discontinuing action as to the defendant

DOW * * * After investigation and conferences these plaintiffs realized that DOW was not a proper defendant in the action and they elected to discontinue the action as to DOW in order to avoid unnecessary cost and expense to themselves and DOW. 4. The co-defendant, CHRYSLER CORPORATION (hereinafter CHRYSLER), in action No. 3, has refused to sign the stipulation discontinuing action for the sole reason that it has already interposed a cross claim against DOW for contribution. CHRYSLER has not come forward with any facts to support its cross claim. 5. The refusal of CHRYSLER, however, to sign the stipulation should not be a bar to the plaintiffs and DOW discontinuing the action as between themselves. Accordingly, DOW respectfully requests that this Court enter an order dismissing the plaintiffs' claims against DOW in accordance with the stipulation discontinuing action previously executed by the parties." During the pendency of plaintiffs' motion to consolidate and delete Dow, Dow moved for summary judgment dismissing Chrysler's cross claim against it. In support of the motion for summary judgment, Dow submitted an affidavit from its claims manager, who deposed as follows:

"5. I have made a thorough search of the records of Dow with regard to the sales of any Dow products made that might have been incorporated into a 1972 Chrysler automobile.

"6. A review of these records reveals sales of the following Dow products:
"Anti-freeze
"Brake Fluid
"PURIFLOC™, a substance used for wastewater treatment
"Brazing oil
"Welding wire
"Caustic soda
"SEPARAN™, a substance used for wastewater treatment
"Ferric Chloride
"NEU-TRI™, a degreasing solvent
"Perchloroethylene, a degreasing solvent
"Neutril Tri-Chlor additive, a degreasing solvent additive
"METHOCEL™, a cellulosic powder

"7. None of the products purchased by Chrysler from Dow could reasonably be described as a poly-plastic.

"8. None of the products purchased by Chrysler from Dow would exist or be used in the interior of an automobile.

"9. None of the products purchased by Chrysler from Dow would affect the flammability of the interior of an automobile." The only paper submitted by Chrysler in opposition to the motion was an affirmation by Chrysler's attorney dated June 30, 1978. The attorney asserted that the purported discontinuance of the action between plaintiffs and Dow did not necessarily foreclose Chrysler from proving a claim against Dow. The core of the attorney's position may be gleaned from the following language thereof: "Quite frankly, the investigation required has not been submitted to my client to determine whether or not any portions of the interior of this automobile involved products manufactured by DOW and this determination may take some considerable period of time requiring full pre-trial discovery as well." In a reply affirmation Dow's attorney stated that Chrysler's attorney had previously advised him that Chrysler would check to see whether there were any facts to submit in opposition to the motion and if none could be discovered, the cross claim would be withdrawn. According to Dow's attorney, Chrysler had not submitted any facts in its attorney's opposing affirmation. Dow's attorney also alerted the court that it had

served upon Chrysler a notice to admit on August 11, 1978, to which no response had been forthcoming. The notice to admit reads as follows: "1. The defendant, Chrysler Corporation, has no document which indicates that the Dow Chemical Company made, manufactured, caused or permitted the interior of the car referred to in the complaint to contain flammable materials, poly-plastics that gave off dense and toxic smoke and caused severe injuries and asphyxiation. 2. The defendant, Chrysler Corporation, has no document which supports its cross-claim against The Dow Chemical Company. 3. The defendant, Chrysler Corporation, is aware of no fact which supports its cross-claim against The Dow Chemical Company. 4. The defendant, Chrysler Corporation, is aware of no fact which shows that The Dow Chemical Company: a) is responsible for the allegedly toxic interior of the vehicle; b) is responsible for the allegedly non flame retardant interior of the vehicle referred to in the complaint; c) is responsible for the allegedly non self-extinguishing interior of the vehicle referred to in the complaint. 5. The defendant, Chrysler Corporation, has made no investigation to support its cross-claim against The Dow Chemical Company." Special Term denied Dow's motion for summary judgment stating simply, "There are questions of fact which can only be determined at a trial." Thereafter, by order dated October 25, 1978, Special Term ruled on plaintiffs' motion to consolidate and delete Dow as a defendant. Without giving any explanation, the court, contrary to the express wishes of plaintiffs, denied their motion to delete Dow as a party defendant and vacated the stipulation of discontinuance between plaintiffs and Dow. It is upon this record that the majority upholds the denial of Dow's motion for summary judgment dismissing the cross claim. In so holding, the majority stresses the following factors: (1) the affidavit of Dow's claims manager expressed only an opinion; (2) an issue existed as to whether Chrysler acquired any Dow products from other suppliers or through the purchase of an assembled part; (3) a response to a notice to admit can be amended or withdrawn at any time by order of the court; and (4) the notice to admit called for an admission as to a conclusory fact which could only be determined after a full and complete trial. It is within this context that Chrysler's refusal to discontinue against Dow, and its opposition to Dow's motion for summary judgment dismissing the cross claim, must be judged and found wanting. In my view, none of these reasons are of sufficient weight individually, or collectively, to withstand Dow's motion for summary judgment. Contrary to the majority's view, the affidavit of Dow's claims manager was not an expression of opinion, but a statement of relevant facts. The affidavit indicates that (1) a review of Dow's records was conducted regarding the sale of products which might have conceivably been placed in a 1972 Chrysler and (2) as a result of the review, 12 Dow products were discovered to have been sold to Chrysler which allegedly were neither flammable nor used in the interior of an automobile. In light of this detailed affidavit, Chrysler's response is fatally defective. As the majority itself acknowledges, Chrysler was clearly the exclusive possessor of all information which would indicate precisely what products were used in its car. Yet, incredibly, almost three years after the accident and more than one year and a half after the commencement of the action, Chrysler could only offer the affirmation of an attorney, which was totally barren of any evidentiary facts, in opposition to the motion for summary judgment. It is obvious that notwithstanding the fact that Chrysler had ample time and resources to investigate this matter, it has not yet been able to formulate even a bare thread of a theory of fault upon which to pursue a cross claim against Dow. It has long been held that to defeat a motion for summary

judgment "the opponent must present evidentiary facts sufficient to raise a triable issue of fact, and averments merely stating conclusions, of fact or of law, are insufficient" *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290). Moreover, an affirmation by an attorney, as submitted here, who has no knowledge of the facts has no probative value and will not suffice to defeat a motion for summary judgment (see *Pathmark Graphics v J. M. Fields, Inc.,* 53 AD2d 531). In response to the majority's suggestion that a Dow product may have been acquired from a supplier, or through the purchase of an assembled part, suffice it to say that Chrysler has not impleaded any supplier and has not even suggested, much less submitted proof, that it may have unwittingly or unknowingly used a Dow product in its car. As the manufacturer of the automobile, Chrysler had the opportunity and the resources to discover whether there was even the possibility that a flammable Dow product was used in the interior of the car. After having the benefit of so long a period of time to investigate this matter, its attorney's affirmation, which merely incants the traditional need for discovery, can only lead to an inference that no such possibility exists. The complete inadequacy of Chrysler's affirmation is also illustrated by its failure to respond to Dow's notice to admit. Although the notice to admit, in Items Nos. 2, 3 and 4, does request certain admissions regarding conclusory facts, the notice to admit is perfectly proper with regard to Items Nos. 1 and 5. In those two items, Dow seeks an admission that Chrysler has no documents indicating that Dow "made, manufactured, caused or permitted" the interior of the car to contain flammable materials that gave off dense and toxic smoke and that Chrysler has made no investigation to support its cross claim. By failing, even at this late date, to respond to these two items and to indicate even one Dow product that it might have used, Chrysler has conclusively demonstrated the absence of any viable cross claim against Dow Chemical. The fact that plaintiffs' complaint against Dow has been reinstated, albeit without explanation, is not itself a basis for continuing this cross claim against Dow, particularly in view of the fact that plaintiffs have made it perfectly clear that they presently have no basis or even a theory of action against Dow. Since Chrysler possesses all of the relevant information necessary to formulate a basis for the cross claim, its alleged need for discovery proceedings against Dow cannot serve as the basis for defeating Dow's motion for summary judgment. If, indeed, Chrysler required any disclosure devices for the purpose of formulating a cross claim against Dow, then it should have moved pursuant to CPLR 3102 (subd [c]) for a court order specifically for that purpose. For all of these reasons, I dissent and vote to reverse the order and grant summary judgment to Dow dismissing the cross claim of Chrysler.