OPINION OF THE COURT
Frank Composto, J.
Defendant insurer moves for summary judgment, pursuant to CPLR 3212, dismissing the complaint and directing judgment on the first affirmative defense of its amended answer.
The first affirmative defense alleges in substance that plaintiff failed to supply defendant with proofs of loss within 60 days, as required by the policy and after demand by defendant.
On its motion for summary judgmént, defendant submits an affidavit by its vice-president which in substance, states upon personal knowledge that plaintiff failed to submit proofs of loss after proper demand therefor, and alleges that the demand — a letter dated May 2, 1980 — was received by plaintiff’s authorized public adjustor on May 5, 1980 (referred to in the affidavit as “Sutton Adjustment Co., Inc.”, although the return receipt indicates “Abrams Adjustors, Inc.”). Also submitted in support of the motion is an attorney’s affirmation and the affidavit of defendant’s claims manager. The claims manager’s affidavit, in substance, repeats that no proofs of loss were received by defendant and that an examination of plaintiff’s claim file *1001 in defendant’s office does not contain proofs of loss. The attorney’s affidavit is not based upon any personal knowledge of the facts but does point out the inadequacies and lack of probative value of the affidavits submitted by plaintiff in opposition to the motion.
The affirmations of the attorney and the affidavits of Achmed Khalid submitted in opposition to the motion are not based upon personal knowledge of the facts nor upon documentary evidence. They are totally without probative value and must be disregarded. A party who opposes a motion for summary judgment must assemble and lay bare and reveal his proofs in order to demonstrate by evidentiary proof that there is a genuine issue of fact (Arrants v Dell Angelo, 73 AD2d 633; Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338). The affidavits in opposition do not meet this criteria. For some unexplained reason, there is no affidavit in opposition from the plaintiff, nor from the fire adjustors, who certainly would have some information with respect to the proofs of claim. Essentially, plaintiff has submitted no defense to this motion.
Summary judgment is a drastic remedy and the requirements of CPLR 3212 must be strictly complied with in order to entitle the moving party to such a judgment. When submitting a motion for summary judgment, it is the moving party who has the burden to convince the court that the “defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party.” (CPLR 3212, subd [b]; see, also, O’Connor-Sullivan, Inc. v Otto, 283 App Div 269, 272.) The moving papers and the proof submitted must, in the first instance, be sufficient to warrant granting judgment in favor of the moving party even where the opposing papers are insufficient to defeat the motion (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067; Walski v Forma, 54 AD2d 776; Stelick v Gangl, 47 AD2d 789; Greenberg v Manlon Realty, 43 AD2d 968).
Defendant bases its claim for dismissal of the complaint on subdivision 5 of section 165 of the Insurance Law. That section sets forth provisions to be included in the standard fire policies among which is the requirement that the insured shall “within sixty days after loss, unless such *1002 time is extended in writing by this Company, the insured shall render to this Company a proof of loss, signed and sworn to by the insured”. It has been held that failure to provide proof of loss is an absolute bar to an action to recover on the policy (see Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn., 76 AD2d 759). However, subdivision 1 of section 172 of the Insurance Law provides as follows: “§ 172. Property insurance; proofs of loss; notice of loss. 1. The failure of any person insured against loss or damage to property under any contract of insurance, hereafter issued or delivered in this state or covering property located in this state, to furnish proofs of loss to the insurer or insurers as specified in such contract shall not be deemed to invalidate or diminish any claim of such person under such contract, unless such insurer or insurers shall, after such loss or damage, give to such person insured a written notice that it or they desire proofs of loss to be furnished by such person to such insurer or insurers and also a suitable blank form or forms for such proofs of loss. If the person insured shall furnish proofs of loss within sixty days after the receipt of such notice and such form or forms, or within any longer period of time specified in such notice, such person shall be deemed to have complied with the provisions of such contract of insurance relating to the time within which proofs of loss are required. Neither the giving of such notice nor the furnishing of such blank form or forms by the insurer shall constitute a waiver of any stipulation or condition of such contract, or an admission of liability thereunder.”
“This section has for its purpose the protection of the insured from the consequences of his oversight or neglect in complying with one of the conditions precedent to a recovery under the policy, namely, his failure to file proofs of loss within sixty days after the loss or damage insured against.” (Margulies v Quaker City Fire & Mar. Ins. Co., 276 App Div 695, 698.) Thus, it appears from the plain language of the section (Insurance Law, § 172, subd 1), that the failure of an insured to file proof of loss within 60 days after the loss as stated in the policy, does not invalidate or diminish the claim until such time as a written *1003 notice is given to him by the insurer demanding such proof of loss; thereafter, the insured must furnish the proof of loss within 60 days of the notice. The Court of Appeals seemingly recognized this interpretation in Proc v Home Ins. Co. (17 NY2d 239, 242) when it stated: “Each policy provides, as required by the Insurance Law, (1) that the insured must file a proof of loss, if he has not already done so, within 60 days after demand by the insurer (§ 172)”.
The notice required under section 172 is to be given to “such person insured”. In this case, the defendant indicates, by its proof submitted, that the notice was given to Abrams Adjustors, Inc. Defendant has failed to comply with the statutory' requirements of section 172, and this court cannot, as a matter of law, grant summary judgment to defendant.
Motion for summary judgment denied.