■ DANA STEEL INC., Respondent, v CELL-SAN CONSTRUCTION CO., INC., et al., Appellants. — In an action to recover on a contract, defendants appeal from (1) an order of the Supreme Court, Kings County (Hirsch, J.), dated September 8, 1980, which granted plaintiff's motion for partial summary judgment and (2) a judgment of the same court dated September 22, 1980, which was entered thereon. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment reversed, order vacated, and plaintiff's motion for partial summary judgment is denied. Appellants are awarded one bill of $50 costs and disbursements. Plaintiff entered into a contract with Ace Contracting Co., a division of defendant Cell-San Construction Co., whereby plaintiff agreed to supply "[a]ll structural and miscellaneous steel as shown on the plans and specifications" for Cell-San's general contract with the Port Authority of New York and New Jersey. Defendant Sentry Insurance acted as Cell-San's surety. Another provision of the contract stated as follows: "Prime contract to control all rules and work. Superintendent on job has final decision on extras or deductions. Extras and deductions must be in writing and signed within 10 days." During the course of the work, certain extra materials were allegedly requested by Cell-San's representatives and an additional fee was charged. Thereafter, plaintiff commenced this action against Cell-San claiming a balance due of $9,029 on the contract price and the sum of $24,022.15 for

structural "extras" provided between February 12, 1975 and February 3, 1976. The complaint was subsequently amended to include the surety company as a party defendant. In 1979 plaintiff moved for summary judgment. By order dated April 23, 1979 (Feiden, J.), summary judgment was granted against defendant Cell-San, under plaintiff's first cause of action for the balance of the contract price and against defendant Sentry Insurance under so much of plaintiff's third cause of action as was predicated upon defendant Cell-San's liability under the first cause of action. The second cause of action for goods sold and delivered, and the balance of the third cause of action against the surety were severed, with an order that the action proceed as to them. Subsequent to the entry of judgment in plaintiff's favor, plaintiff, relying on documentary evidence not previously submitted, moved for "partial summary judgment" on the remaining causes of action. It is from the order and judgment granting such relief that the instant appeals are taken. Partial summary judgment should have been denied. In light of the contractual requirement that "extras" be approved within 10 days by means of a signed writing, it is incumbent upon plaintiff, in order to succeed upon the remainder of this action, to establish that these requirements were either complied with or waived by defendant Cell-San (see *Sturdy Concrete Corp. v NAB Constr. Corp.*, 65 AD2d 262). Plaintiff's only proof of compliance with the contractual requirements was a written and signed "Extra Work Order" for 1 of the 41 extra "items" for which it sought recovery. However, plaintiff did not even allege, much less offer any proof, that the person who signed this order had authority to do so. With respect to the remaining 40 items, plaintiff submitted a handwritten document which its president alleged was a memorandum of a meeting that was attended by defendant Cell-San's secretary, a second representative of Cell-San and himself. Plaintiff's president alleged that this memorandum bears handwriting of Cell-San's secretary and himself, that each of the 40 items listed therein was discussed and that "[i]n effect, each item was marked 'ok' in the left hand margin". However, plaintiff did not allege that "ok" had been marked by a representative of defendant Cell-San or that by agreeing to the contents of the memorandum Cell-San had waived the contractual requirement at issue. Accordingly, plaintiff did not meet its initial burden of establishing prima facie that there were no triable issues of fact (see *Stelick v Gangl,* 47 AD2d 789). Further, Cell-San's secretary alleged in opposition to the motion that the memorandum relied on by plaintiff "does not bear my signature and at no time did I or any authorized agent of my company amend the * * * contract in writing, nor did any authorized agent of my company accept in writing delivery of the additional goods in question at the construction site". Therefore, it cannot be concluded that there is no triable issue of fact concerning whether defendant Cell-San waived strict compliance with the contract requirements pertaining to "extras". Accordingly, partial summary judgment must be denied. We have examined the parties' remaining contentions and find them to be without merit. Cohalan, J. P., Margett, O'Connor and Thompson, JJ., concur.