■ 58 WEST 58TH STREET TENANT ASSOCIATION et al., Respondents, v 58 WEST 58TH STREET ASSOCIATES et al., Appellants, et al., Defendants. — Order of the Supreme Court, New York County (R. Wallach, J.), entered August 19, 1983, which, *inter alia,* denied defendants' motion for declaratory judgment, and granted plaintiffs' motion for a preliminary injunction upon posting of an undertaking or bond in the amount of $2,500, is modified, on the law and facts, and in the exercise of discretion, to limit the injunction to permit sales by defendant sponsor of the condominium conversion herein to willing purchasers, to permit the plan to be declared effective, to extend the time to buy for all tenants of the subject premises at the inside price until 90 days after entry of judgment in this action and to provide that defendant sponsor will not continue with present eviction proceedings or institute new proceedings against nonpurchasing, nonprimary resident tenants until 90 days after entry of judgment, whether or not such judgment is adverse to said nonprimary tenants, to increase the bond to $25,000, and the order is otherwise affirmed, without costs. This action involves the conversion of a high-rise residential building at 58 West 58th Street in Manhattan to a condominium status. Over 25% of the tenants apparently are corporations and individuals who are nonprimary residents of their apartments. One of the issues presented in this action for declaratory and injunctive relief is whether the right of a landlord pursuant to subdivision E of section 54 of the Code of the Rent Stabilization Association of New York City, Inc. (Code), to evict tenants not occupying their apartments as primary residences conflicts with section 352-eeee of the General Business Law governing co-operative and condominium conversions. Special Term correctly denied defendants' motion for "declaratory judgment" determining whether or not section 352-eeee of the General Business Law implicitly overrules subdivision E of section 54 of the Code. Such a motion does not lie prior to joinder of issue (see *Milk v Gottschalk,* 29 AD2d 698), and defendants have yet to serve an answer. We deem the preliminary injunction as granted by Special Term too broad simply to maintain the *status quo* and to protect the rights of all the parties herein. In addition, we deem the undertaking required by Special Term to be inadequate. Accordingly, we have modified the injunction as detailed above. We have examined the remaining contentions of defendants and find them to be without merit. Concur — Sullivan, J. P., Asch, Silverman, Bloom and Milonas, JJ.