■ RONALD J. D'ANGELO, Respondent, v AMERICAN CENTENNIAL INSURANCE COMPANY, Appellant. — In an action to recover damages for breach of an automobile insurance policy, the defendant insurer appeals from a judgment of the Supreme Court, Kings County (Douglass, J.), entered March 30, 1983, which is against it and in favor of the plaintiff in the principal sum of $7,583.68, with interest from July 19, 1981. The appeal brings up for review an order of the same court, dated February 3, 1983, which, *inter alia,* granted plaintiff's motion for partial summary judgment against defendant in the aforesaid amount. Judgment reversed, without costs or disbursements, order dated February 3, 1983 vacated, and plaintiff's motion for partial summary judgment is denied without prejudice to renewal, if plaintiff be so advised, on proper papers. In this action, plaintiff seeks to recover damages, *inter alia,* for the cost of repair work and parts for his automobile which was insured under a policy issued by defendant. By notice of motion dated November 8, 1982, plaintiff moved for partial summary judgment on the first and second causes of action asserted in his verified complaint. Special Term's order, which, *inter alia,* granted plaintiff's motion, recites that it was based "upon all the pleadings". However we have examined the county clerk's file in this action and have ascertained that the verified complaint and the other pleadings were neither separately filed therein nor made part of plaintiff's moving papers. Furthermore, plaintiff failed to submit a copy of the insurance policy upon which he seeks to hold defendant liable. Even if the pleadings had been annexed to plaintiff's moving papers, the moving affidavits and other documentary evidence which were submitted by plaintiff at Special Term were not sufficient to warrant the granting of partial summary judgment against defendant. "On a motion for summary judgment, the moving party has the burden of setting forth evidentiary facts to establish his cause sufficiently to entitle him to judgment as a matter of law; anything less requires a denial of the motion, even where [as in the instant case] the opposing papers are insufficient" (*Yates v Dow Chem. Co.,* 68 AD2d 907, 909; see *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067). Under the circumstances of this record, plaintiff's motion for partial summary judgment should have been denied without prejudice to renewal of the motion on proper papers, setting forth evidentiary facts to establish, as a matter of law, that he is

entitled to partial summary judgment. Mollen, P. J., Lazer, Thompson and Boyers, JJ., concur.