■ REPUBLIC NATIONAL BANK OF NEW YORK, as Administrator of the Estate of ERNESTO CORTEZ, Deceased, Appellant, v LUIS WINSTON, INC., et al., Defendants, and AERO DUCT, INC., Respondent. AGATE LACQUER MFG. CO., INC., Third-Party Plaintiff, v COLUMBIA PEN AND PENCIL CO., INC., Third-Party Defendant. ROBERT STRAUSS, Third-Party Plaintiff, v COLUMBIA PEN AND PENCIL CO., INC., Third-Party Defendant. — Order, Supreme Court, New York County (Greenfield, J.), entered on December 8, 1983, granting defendant Aero Duct, Inc.'s motion for summary judgment pursuant to CPLR 3212 and dismissing the complaint and cross claims against Aero Duct, reversed, on the law, and Aero Duct's motion for summary judgment denied, without prejudice to renewal after the completion of disclosure, with costs and disbursements.

Plaintiff's decedent died in the explosion of a spray booth on his employer's premises. Plaintiff commenced this action to recover damages in negligence for wrongful death and conscious pain and suffering. Fifteen defendants were named, including Aero Duct, which was alleged to be "in the business of consulting, designing, inspecting, installing, manufacturing and servicing spray booth systems". The complaint alleges negligent performance of these operations on the booth that exploded. Prior to answering and when to its knowledge only four other defendants had answered, two of whom had cross-claimed against it, Aero Duct moved for summary judgment under CPLR 3212. The motion's only support was an affidavit of Aero Duct's president denying in substance any connection with the particular booth. Plaintiff and two defendants protested the sufficiency of the moving affidavit and, claiming exclusive knowledge in Aero Duct of the details of its operations at the decedent's employer's premises, sought an opportunity for disclosure (see CPLR 3212, subd [f]). Special Term, in granting the motion, found no facts

furnished by respondents sufficient to create any factual issue with respect to the assertions of the president's affidavit. We hold that the motion should have been denied as premature, that the movant's affidavit was insufficient for summary judgment and that such relief should await full disclosure.

Since issue had not been joined Special Term had no power to grant summary judgment under CPLR 3212 (see CPLR 3212, subd [a]; *58 West 58th St. Tenant Assn. v 58 West 58th St. Assoc.*, 98 AD2d 609; *Schoenborn v Kinderhill Corp.*, 98 AD2d 831). This has been held even when the moving papers presented no issue (see *Milk v Gottschalk*, 29 AD2d 698). In such an instance Professor Siegel suggests that, because CPLR 3211 (subd [c]) permits a 3211 motion to be treated as one for summary judgment, it would be preferable to a technical denial of a 3212 motion, made before joinder of issue, to treat it as a 3211 motion and grant summary judgment thereunder when the papers are supportive of summary judgment. (Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:12, p 432; see, also, 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212:04). The suggestion is sensible, but here the papers are not supportive and our denial is not technical because facts in opposition may exist but lie in the exclusive knowledge of the moving party.

To support summary judgment, affidavits must recite material facts from affiants having knowledge of those facts (CPLR 3212, subd [b]). Aero Duct's affidavit does not fulfill this requirement. It is implicit in it that the president's knowledge has been obtained either from unnamed and unsworn employees or from unidentified and unproduced work records. The affidavit lacks any probative value (*Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, affd 49 NY2d 924). The cogent parts of the affidavit are not facts but conclusions. Without any assertion that he had ever been in the decedent's employer's building, Aero Duct's president states that his company's work there was "in a completely different area of the building", "had nothing to do" with the spray booth, and was "completely foreign" to it. Such impermissible conclusions and incompetent hearsay cannot justify a grant of summary judgment. Plaintiff is at least entitled to ascertain through disclosure the facts of this tragedy of which it itself cannot possibly have any knowledge. Concur — Sandler, J. P., Asch, Bloom, Lynch and Alexander, JJ.