■ BETH ANN DAVIS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 85517.) [622 NYS2d 823] —Mikoll, J. Appeal from that part of an order of the Court of Claims (Corbett, Jr., P. J.), entered September 14, 1993, which partially denied the State's motion for summary judgment dismissing the claim.

The issue before us is whether the Court of Claims properly denied the State's motion to dismiss claimant's claim for injuries sustained based on the State's alleged negligence in failing to timely execute an arrest warrant on a parole violator, with a record of violent sexual assaults perpetrated against women, who killed his ex-wife and kidnapped claimant, knifing her and repeatedly raping and sodomizing her.

Claimant was injured by Oscar Linderberry, a parolee under the supervision of the State Division of Parole. On March 12,

1992, a parole violation warrant was issued by the Division of Parole for Linderberry's arrest. The violation was based on an arrest warrant dated March 9, 1992 charging Linderberry with menacing his ex-wife with a kitchen knife on March 6, 1992. Linderberry surrendered to police on March 11, 1992, and was arraigned and released the same day. His parole officer, Joseph Maio, was notified on March 11, 1992 that Linderberry had surrendered to police and was out on his own recognizance. Maio issued a parole violation warrant on March 12, 1992 which was never executed. Linderberry went on to commit the dreadful acts underlying this case on March 13, 1992.

The Court of Claims found, as to the claim of negligence in the execution of the parole officer's duty, that summary judgment was inappropriate. The question of whether the State was negligent in failing to serve the parole violation warrant earlier or whether the Division of Parole's procedures for assuring timely service of warrants was flawed or lacking were held to be triable questions of fact. Insofar as the claim alleged negligent supervision of the parolee, the motion was granted and that claim dismissed.

The State, relying on *Tarter v State of New York* (68 NY2d 511), urges a reversal based on a lack of allegations of both a special duty to protect claimant as an identified individual and the failure to allege reliance on the part of claimant on specific assurances of protection.

Summary judgment is inappropriate where, as here, the movant has failed to support its motion that it is entitled to summary judgment as a matter of law *(see, Yates v Dow Chem. Co.,* 68 AD2d 907). The State seeks summary judgment based on claimant's failure to establish a duty of special care. The basis of claimant's cause of action is grounded not on a duty of special care owed by the State to claimant, but is based on allegations that the Division of Parole was under a duty to execute the arrest warrant properly, having assumed a duty to do so. Claimant further seeks an opportunity to elicit further discovery to secure information, which is solely within the State's knowledge, as to whether the Division of Parole executed the warrant properly.

Claimant urges that the execution of the warrant is a purely ministerial act for which the governmental entity does not enjoy immunity but is required to adhere to governing rules or a standard. A failure to do so may make it responsible for foreseeable consequences of its improper action or inaction.

The Court of Claims properly denied summary judgment where all relevant facts have not yet been adduced and/or there remain unanswered questions of fact *(see, Coley v Michelin Tire Corp.,* 99 AD2d 795).

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.